ROMAN ET AL *vs* ROMAN'S MINORS.

APPEAL FROM THE COURT OF THE SECOND DISTRICT.

Where some of the heirs are minors, the succession cannot be by them or for them accepted, without the benefit of an inventory.

Claims against minors for a sum of money is exclusively cognizable by the Court of Probates.

No law authorizes the transfer of a cause from the District to the Probate Court.

This was an action brought against the tutor of minors claiming from them a debt due by the estate of the ancestor. The defendants excepted to the jurisdiction of the court, which exception was sustained, and the cause transferred to the Court of Probates. From this judgement the plaintiffs appealed.

MATHEWS, J., delivered the opinion of the court.

This suit is brought against the tutor of minors to recover from the succession of their mother a certain sum of money, which the plaintiff alleges to be owing and due to her from said succession, and which the defendants are bound to pay in consequence of having accepted it.

The tutor excepted to the jurisdiction of the District Court. His exceptions was sustained, and the judge *a quo* ordered the cause to be sent for trial to the Court of Probates of the Parish of St. James. From this judgement the plaintiff appealed.

Where some of the heirs are minors, the succession can not be by them or for them accepted without the benefit of an inventory.

Claims against minors for a sum of money is exclusively cognizable by the Court of Probates.

We are of opinion that the court below did not err in declining jurisdiction of the cause. Part of the heirs being minors, the succession could not be by them or for them accepted without the benefit of an inventory, and consequently should be administered under the authority of the Court of Probates where it was opened. The present is a claim for a certain sum of money, and according to the 13th section of act 924 of the Code of Practice, Court of Probates, have exclusive jurisdiction to decide on claims of this kind. The court below erred (it is believed) in assuming the power to transfer the cause to the Court of Probates. We know of no

legislative enactment which authorizes such a proceeding, and the *obiter dictum* in the opinion pronounced in the case of *Tabor* vs. *Johnson*, 3 *Martin N. S. p.* 682, relied on by the appellees, cannot justify the course adopted by the judge *a quo* in the present instance, if it could in any case. The appellants have required in their answer that the judgement of the District Court should be amended in this respect, which must be done.

EASTERN DIS.
*July,* 1832.

The 13th section of the act of 1828 relied on by the counsel of the plaintiff, is clearly not applicable to a case like the present. It provides only for cases wherein partition of successions has been made previous to the institution of actions against heirs (as therein authorized) in the district courts. This section of the act seems not to differ essentially from the article 996 of the Code of Practice which relates to proceedings against heirs who are in possession of estates, &c.

It is, therefore, ordered, adjudged, and decreed, that the part of the judgement of the District Court which declined jurisdiction of the cause be affirmed; and it is further ordered, adjudged and decreed, that the order of said court to transfer this suit to the Court of Probates be annulled and set aside, and that the present action be dismissed at the costs of the plaintiff and appellant in both courts.

*Deblieux*, for appellants.   *Seghers*, for appellee.

