EASTERN DIS.
*April*, 1833.

WATTS,
CURATOR, &c.
*vs.*
FRAZER ET UX.

WATTS, CURATOR, &c. *vs.* FRAZER, ET UX.

APPEAL FROM THE COURT OF PROBATES OF THE PARISH OF ASCENSION.

The 995th and 996th articles of the *Code of Practice*, distinguish between an estate accepted absolutely, and one which has come into the possession of the beneficiary heir, after having been administered by his tutor, curator, or the testamentary executor.

A tutrix cannot question the jurisdiction of the Court of Probates, for the purpose of annulling a judgment pronounced in that court on a claim admitted in her account rendered to that court, of her administration of an estate owned jointly by herself and her minor.

This suit was commenced by injunction. The plaintiffs denied the jurisdiction of the Court of Probates, which had rendered a judgment against them. They also alleged discovery, since the trial, of evidence of payment of the obligation on which the judgment had been pronounced; and prayed for a perpetual injunction on all further proceedings upon it.

The defendant pleaded a general denial, and moved to dissolve the injunction with costs and damages. The motion was granted, and judgment rendered in his favor. The plaintiffs appealed.

*Nicholls*, for appellants.

1. The Probate Court had no jurisdiction over the subject matter.—*Vide* 7 *Mar. N. S. p.* 41, *Cole's Widow* vs. *Cole's Executors*; 6 *Mar. N. S. p.* 519; *Saunders* vs. *Taylor.*

2. The court being incompetent, the judgment should be annulled.

3. The evidence of payment being lost and afterwards discovered, the court should have permitted the party to prove the same.

*J. Seghers,* for appellee.

1. The judgment of the inferior court ought to be affirmed, on the grounds and authorities therein stated.

2. The claim is against a succession administered by a tutrix, and was, therefore, correctly brought before the Probate Court. The principle is well laid down in the case of *Roman* vs. *Ziringue,* that no suit can be instituted against a succession in the District Court, unless a settlement or partition among the heirs be previously made.

3. In the original petition, the tutrix is not stated to have become personally bound for the debt, as it is incorrectly alleged in the petition for an injunction. On the contrary, the original petition states that the debt is owing by the estate of the late William R. Boots; that the property of the deceased is liable for his debts, *which must be liquidated in the Court of Probates,* and ends, after mentioning the proceedings had in the estate of the said William R. Boots, by a prayer that Frazer and wife be decreed to pay *out of the said estate,* the sum claimed by Watts, the present appellee.

4. No evidence of payment was exhibited at the trial of the injunction. The debt, on the contrary, was proved by the introduction of the account rendered before the same Probate Court, on the 5th June, 1830, by Frazer and wife, of their administration of the said William R. Boots' estate. This account contains a full acknowledgment of the sum claimed by Watts, as curator of Job Key's succession.

The facts of the case are fully stated in the opinion of the court, MATHEWS, J. absent, delivered by MARTIN, J.

The defendants and appellants complain that the first judge erred in refusing to pronounce the nullity of a judgment which the present plaintiff had obtained against them, which was claimed on the ground that the court was without

Eastern Dis.
*April,* 1833.

WATTS,
CURATOR, &c.
*vs.*
FRAZER ET UX.

jurisdiction, and on that of newly discovered evidence of the payment of the claim.

On the first point, the court held that a Court of Probates has jurisdiction of a claim against a succession administered by the tutrix of a person, and consequently beneficiary heirs, referring to the *Code of Practice,* 924, 612, *and* 913. 3 *Martin, N. S. Hood et al.* vs. *Shamburgh,* 622. It urged that the construction given by the Supreme Court, to *articles* 995 *and* 996, in the case of *Saunders* vs. *Taylor,* 6 *Martin, N. S.* 519, although it authorised ordinary tribunals to take cognisance of similar actions in certain cases, did not exclude the jurisdiction of the Court of Probates.

The counsel of the defendants has contended that it did, and he has relied on the case of *Cole's Widow* vs. *his Executors,* 7 *Martin, N. S.* 41.

The counsel of the plaintiff has relied on the case of *Roman* vs. *Ziringue,* lately determined in this court, and reported in 4 *La. Rep.* 202. He has shown, that in the suit on which the judgments ought to be annulled was obtained, nothing was claimed from the defendants (the present plaintiffs) personally; on the contrary, the debt was stated to be due by the estate of Boots, (Mrs. Frazer's first husband,) and time was prayed and given for payment, out of the property of the estate.

On the second point, he has contended that no evidence appears of the payment of the claim, but that on the contrary, its existence was rendered manifest, from the present plaintiff's recognition of it, in the amount they rendered of the then administration of Boots' estate.

By the *Code of Practice* 924 *and* 13, jurisdiction is given to Courts of Probates, of all claims for money which are brought against successions administered by curators, testamentary executors, or administrators of successions, and to establish the order of payment.

A like permission is repeated, as to the liquidation and payment of such debts, 983.

By article 992, the principles established for the discharge of debts due by curators of vacant estates, are extended to

EASTERN DIS.
*April*, 1833.

WATTS,
CURATOR, &c.
*vs.*
FRAZER ET UX.

successions accepted, with benefit of inventory, whether the heirs are minor or of age, and to all successions administered by administrators. (*See article* 994, *where tutors administering successions, are especially mentioned.*)

It is true article 996 has a different provision in case of estates in the possession of heirs, either present or represented in the state, although all or some of these heirs be minors; for in such cases, the actions for debts due from such successions, shall be brought before the ordinary tribunals against such heirs themselves if they be of age, or against their curators, if they be under age or interdicted.

The case of *Roman* vs. *Ziringue*, fully supports the argument of the present plaintiffs.

That of *Cole's Widow* vs. *His Executors*, was brought for the recovery of her half of the proceeds of the common estate. We there held, that the Court of Probates having exclusive cognizance of the settlement of all debts against an estate administered by an executor, the action was properly brought in that court.

The case of *Saunders* vs. *Taylor*, was that of a tutor admin-

The 995th and 996th articles of the Code of Practice, distinguish between an estate accepted absolutely and one which has come into the possession of the beneficiary heir, after having been administered by his tutor, curator, or the testementary executor.

istering the estate of his ward. The *Code of Practice* 995 and 996, seems to have made a distinction in the case of estates, which, after having been administered by a curator, testamentary executor, or a tutor of a beneficiary heir, have come to the *possession* of the heir, and those which are accepted absolutely. Unless there be some distinction of this kind, the Code presents an anomaly; for a minor who is necessarily a *beneficiary* heir, is immediately suable in the ordinary courts. A succession accepted with the benefit of inventory, and consequently, one which has descended to a minor, is administered not by the heir as tutor, but by him or another person, as an *administrator*, *Louisiana Code*, 1051; and as no part thereof comes legally to the possession of the heir as such, till the administration be legally terminated, the article of the *Code of Practice*, therefore, may be said to be confined to heirs absolute, or beneficiary ones who have obtained the balance of the estate from the administrator, after the termination of his office. The English text seems to exclude minors under

the age of puberty, for it speaks of *curators* only, not of tutors, and minors after the age of puberty, are the only ones who have the *administration*, and, consequently, the possession of their estates. Whatever be the rights of heirs of such kind to decline the jurisdiction of Courts of Probates, the present case is that of a tutrix, who has administered an estate, part of which belongs to her minor, part to her as in community with her deceased husband,' who has acknowledged the claim of the creditor of the estate, in the account of her administration rendered to the Court of Probates. After having thus acknowledged her responsibility and its extent, she cannot complain of a judgment, by which she has been decreed to empty her hands.

No evidence of the alleged payment was administered.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Court of Probates be affirmed, with costs.

*Eastern Dis.*
*April, 1833.*

