EASTERN DIST.
*June*, 1836.

POOL
*vs.*
BROOKS ET AL.

---

## POOL *vs.* BROOKS ET AL.

APPEAL FROM THE COURT OF THE THIRD JUDICIAL DISTICT, THE JUDGE
THEREOF PRESIDING.

A judgment of the Orphans' Court in Mississippi, rendered contradictorily with the guardian of a minor, decreeing a balance due to the former guardian, on a settlement of his accounts, is *primâ facie* evidence of this claim, in an attachment suit against the property of said minor in this state.

Where a minor, with his guardian, resides out of the state, but has property within it, he may be sued by attachment, with the appointment of a curator *ad hoc* to defend, in the District Court, without the appointment of a tutor here.

Where minors under the age of puberty, with their tutor, had left the state, but inherited property in it : *Held*, that the District Court had no jurisdiction of an action by attachment against the inheritance of the minor for a debt of his mother's succession, even when a curator *ad hoc* was appointed to defend.

But if a minor resides with his guardian or tutor, in this state, he is suable in the District Court, if in possession of his property, after partition, for a debt due by himself, and not by a succession.

This is an action founded on a judgment of the Orphans' Court of Mississippi, decreeing a balance due to the plaintiff of five hundred and sixty dollars and forty-five cents, as the ·former guardian of the defendant, Brooks. The suit is brought against the defendant and his present guardian, Gilmore, both residing in the state of Mississippi, by attaching property of the minor in this state for the amount of the debt due by him.

The plaintiff alleges *that the defendant, Gilmore, has removed the property of his ward into this state, and within

the jurisdiction of the court; and which he prays may be attached, to satisfy his claim, and that he have judgment accordingly.

The court appointed an attorney at law to represent the absent defendants.

The attorney for the defendants excepted to the action, 1st, Because the minor is unable to appear in court without his tutor or guardian, and it was the duty of the plaintiff to have had one appointed. 2d. There being no person in the state legally appointed to administer the property of the minor, it could not be attached, and the District Court had no jurisdiction of the case.

He opposed the further plea of *nul tiel record* to the action, as founded on the judgment of the Orphans' Court of Mississippi, that it was obtained *ex parte*, and is a nullity. The attorney for the absent defendants further answered, and alleged various defects in the proceedings in relation to the attachment.

After the pleadings were made up, and the cause at issue, on the application of the plaintiff's counsel, the attorney for the absent defendants was also appointed by the court curator *ad hoc* to the minor, to which the attorney objected, as coming too late.

The curator *ad hoc* excepted to the service of the attachment as defective, and that a curator *ad hoc* should have been appointed in the first instance, which was overruled.

An answer was then filed to the merits, similar to the one put in by the attorney for the absent defendants.

The record and judgment of the court in the state of Mississippi was produced in evidence. The decretal part declares that " N. Pool, the former guardian of John Brooks, filed in court a final settlement of his said ward's estate, which was examined, and ordered to be recorded. Balance due guardian, five hundred and sixty dollars and forty-five cents."

The record of the proceedings and judgment was certified according to the act of congress. Its reading was objected to, but it was admitted.

Several' bills of exception appear in the record, and a bill of exception taken to the manner of drawing up a bill of exception, which are not material to notice.

The district judge considered the record and judgment of Mississippi as sufficient evidence of the plaintiff's claim, and gave judgment accordingly. The defendants appealed.

*Lawson* and *Andrews,* for the plaintiff.

1. The guardian was properly made a party to this suit with his ward, although both absent, and they were properly represented in the attachment and defence of the suit, by an attorney to defend, and a curator *ad hoc.*

2. The District Court had jurisdiction, and was the proper tribunal to sue in, because this was a debt due by the minor, being the balance advanced for him by his former guardian, as evidenced by the Orphans' Court of Mississippi. The attachment was regular. *Code of Practice, article* 110, 115, 116, 996. *Louisiana Code,* 57. *Session Acts of* 1828, 13. 3 *Louisiana Reports,* 483. 6 *Martin, N. S.,* 519.

3. The record of the judgment in Mississippi was properly admitted in evidence, and is proof of the plaintiff's demand. Full faith and credit is due to this judgment; and the competency of the tribunal which rendered it, or its correctness cannot be inquired into in this court. 8 *Martin, N. S.,* 704.

4. The defendants' counsel has submitted to the court a manuscript decision of the High Court of Errors in Mississippi, to show that the judgment here sued on is erroneous, and should have no effect. The two cases are entirely different, and the decision in Mississippi can have no effect on the case here.

5. The decree of the Orphans' Court, auditing the guardian's account, and stating the balance due him, is, at least, *prima facie* evidence of his claim for this balance against the minor.

*Turner,* for the defendant.

1. The guardian in Mississippi was improperly made a party. He is not the debtor, and has no interest in the case, and should have been dismissed.

2. The minor is not properly represented, and is not regularly before the court. He should have been sued with a tutor, or curator legally appointed to defend; and in such a case, the District Court is without jurisdiction. *Roland* vs. *Stephens et al.*, 3 *Louisiana Reports*, 483.

3. By the laws of the state of Mississippi, a guardian to a minor cannot exceed the revenues of the minor for education, support and expenses. See *Revised Code of Mississippi, page* ·67, *section* 131. See also *manuscript decision of the High Court of Errors and Appeals in the case of Alfred Moore and Wife* vs. *Lewis Cason, administrator.*

4. There is no decree or final judgment in pursuance of the laws of Mississippi. See *James's Digest, page* 52, *section* 87, and the manuscript above cited.

5. This action is founded upon just such a case as the High Court of Errors revised and reversed in the case herewith given. By the same it appears to be held, that such an order of the Court of Probates is not evidence of debt sufficient to found an action upon; and that it is not a decree within the meaning of the law.

6. The digest above referred to, called the Revised Code, is proved in this case to contain the laws of the state of Mississippi, and is used and referred to by both parties.

The counsel for defendants believe that having referred to points and authorities heretofore made and cited, and to the points and authorities now given, the Supreme Court cannot find the least difficulty in revising the judgment of the District Court, and rendering a judgment in favor of the defendants.

*Bullard, J.,* delivered the opinion of the court.

The decision of this case depends principally on the effect we are bound to give to a decree of the Court of Probates in the state of Mississippi. The present action was brought against a minor residing in that state, by attachment on his property situated in this, to recover the amount of a judgment for a balance due to the plaintiff, as the former guardian of the defendant. It appears that the plaintiff was

called on to render an account of his administration, and that on a final settlement, a balance of about five hundred dollars was found to be due him by his ward; and that the present guardian of the defendant was ordered by that court to pay over the balance.

Judgment was rendered in favor of the plaintiff, and the defendants appealed.

It is contended that the judgment rendered by the Orphans' Court of Mississippi is not even *primâ facie* evidence against the defendant, who was a minor, and not a party; that that court is competent to settle the accounts of guardians, but not to give judgment for a balance against the ward. In support of this position, he relies mainly upon a decision in the High Court of Errors in the state of Mississippi, in manuscript, in the case of Moore and Wife *vs.* Cason. A careful examination of the opinion of the court in that case, has satisfied us that the two cases are not strictly alike. The court appears to have considered the settlement in that case as irregular and *ex parte*, and therefore not even *primâ facie* evidence against the minor. In the present case, the former guardian was called on to settle the account; it was done in open court and in term time; and his successor, to whom he had surrendered the property, was ordered to pay over the balance found due by the minor. It is clear the Orphans' Court had jurisdiction of the premises, as appears by the Digest of the laws of that state, which is before us. A court of errors in Mississippi might well say that proceedings were irregular for want of citation, and because the judgment was not final, being rendered in vacation; but this court cannot inquire into the errors committed by the courts of other states. The plea in this case is *nul tiel record*, and a record is produced as alleged in the petition, and the parties to it appear to have been the former and the present guardian. We are not informed by the laws of Mississippi that personal citation on the minor is required. The account appears to have been approved by a competent tribunal, and we are of opinion that the judgment is at least *primâ facie* evidence against the minor, as well as his guardian.

A judgment of the Orphans' Court in Mississippi, rendered contradictorily with the guardian of a minor, decreeing a balance due the former guardian on a settlement of his accounts, is *primâ facie* evidence of this claim, in an attachment suit against the property of said minor in this state.

Where a minor with his guardian resides out of the state, but has property within it, he may be sued by attachment, and the appointment of a curator *ad hoc* to defend, in the District Court, without the appointment of a tutor here.

Where minors under the age of puberty with their tutor had

It is further contended that the District Court was without jurisdiction, this suit being against a minor residing out of the state, and that a tutor ought to have been appointed to represent him. He cites in support of this doctrine the case of Roland *vs.* Stephens et al., 3 *Louisiana Reports,* 483. In that case, the action was against minors under the age of puberty, and their tutors who had left this state, and taken away most of the property; and the suit by attachment, in the District Court was held to be irregular. In the case now before us, if the defendant resided with his guardian in this state, he might be suable in the District Court, if in possession of his property after partition, for a debt due by himself, and not by a succession as such. *Code of Practice, article* 996.

We are, therefore, of opinion that the jurisdiction was properly sustained; and it appears not only that the guardian was made a party, and had an opportunity to defend the action, as he might have done, but that the court appointed a curator *ad hoc.* It appears to us the affidavit was sufficient to justify the issuing of the attachment.

It is, therefore, ordered, adjudged and decreed that the judgment of the District Court be affirmed, with costs.

EASTERN DIST.
*June,* 1836.

left the state, but inherited property in it: *Held,* that the District Court had no jurisdiction of an action by attachment against the inheritance of the minor for a debt of his mother's succession, even when a curator *ad hoc* was appointed to defend.

But if a minor resides with his guardian or tutor in this state, he is suable in the District Court, if in possession of his property after partition, for a debt due by himself, and not by a succession.