## ANDREW JACKSON PORTER and others *v.* JOHN MUGGAH and others.

Heirs of age can accept a succession simply. or do acts rendering themselves unconditionally liable.   Minors are necessarily beneficiary heirs.

Art. 996 of the Code of Practice, which authorizes actions for debts due from a succession to be brought before the ordinary tribunals, where the heirs, though all or some of them be minors. are in possession of the estate, should, perhaps, be confined either to heirs absolute, or to beneficiary heirs in possession of a succession after it has been fully administered.   But where a succession appears to have had but few

debts, and to have been administered to a certain extent, and to have been in the possession of the widow and heirs of the deceased for several years, an action to recover a debt due by it, may be brought before the courts of ordinary jurisdiction.

Appeal from the District Court of St. Mary, *Boyce*, J.

*Splane*, for the plaintiffs.

*Crow* and *Voorhies*, for the appellants.

Morphy, J.   The plaintiffs to whom there is a balance due of $1927 63, on two judgments formerly obtained against Edward and James Muggah, as the heirs of John Muggah, represent that James Muggah died some time since in the parish of St. Mary, leaving for his heirs, John Muggah, James Muggah, Henry S. Muggah, David Muggah, Charles R. Muggah, Julia Muggah, and Thomas Muggah, the last four mentioned being minors, represented by their tutor, John Muggah; that the succession of James Muggah has been accepted purely and simply by the said heirs, who have thereby rendered themselves unconditionally liable for the payment of the debts of their ancestor, whose property they are in possession of.   After setting up divers matters of defence, the defendants pleaded to the jurisdiction of the District Court.   There was a judgment against each of the heirs of James Muggah, for their virile share in one half of the claim of plaintiffs against Edward and James Muggah; and the heirs of the latter have appealed therefrom.

We have had some doubts whether the plea to the jurisdiction of the District Court should not have been sustained, as this case has much analogy to that of Greig, against the same defendants, 11 La. 359.   In the latter case, however, James Muggah died during the pendency of the suit against him, and his succession was in the care of an administrator, who was also the tutor of the heirs; whereas, the present suit is brought against his heirs, who are proved to have remained in the possession and enjoyment of the property he left for a number of years.   It is true, that the heirs of age could alone have accepted the succession purely and simply, or have done acts rendering them unconditionally liable, because minors are necessarily beneficiary heirs.   Art. 996 of the Code of Practice, however, authorizes suits to be brought before the ordinary tribunals, when the heirs, whether all or some of them

be minors, are in possession of an estate. This provision, which is by no means free from ambiguity when compared with the other articles of the Code on the same subject, should, perhaps, be confined either to heirs absolute, or beneficiary heirs who have come to the possession of a succession after it has been fully administered. 4 La. 202. 5 Ib. 386. Civ. Code, arts. 346, 998, 1006. In the present case, the estate appears to have had but few debts, to have been administered to a certain extent, and to have been in the possession of the widow and heirs of the deceased, for several years. Under such circumstances, we think that article 996, above quoted, justifies the bringing of suits before the courts of ordinary jurisdiction. *Saunders* v. *Taylor,* .6 Mart. N. S. 519.

On the merits, the evidence in the record fully sustains the judgment appealed from.

*Judgment affirmed.*