### PAUL BABIN v. WILLIAM DODD, Tutor.

The ordinary tribunals have jurisdiction of suits against heirs, whether minors or of age, in all cases where an estate, after having been administered by a curator, testamentary executor, or tutor of a beneficiary heir, has come into their possession, or has been absolutely accepted; while the courts of probate have exclusive cognizance of all claims for money against successions under the management of curators, testamentary executors, or administrators. C. P. 924, 995, 996.

Claims against minors, interdicted or absent persons, whose estates are administered by curators, may be recovered before the ordinary tribunals. It is no objection to the exercise of such jurisdiction, that courts of probate have alone the means and right of fixing the amount which a tutor may allow for the expenditures of his ward. Proof of the means and revenue of the latter may be adduced before either tribu-. nal; nor would any judgment of an ordinary court, allowing the claim, interfere with the powers of the court of probate, when auditing the tutor's accounts, to reject such portion of the sum paid under the judgment as might be found to exceed the revenue of the ward; as the tutor would be liable for any illegal acts or contracts made by him, on which such judgment was rendered.

APPEAL from the District Court of Iberville, *Deblieux*, J.

MORPHY, J. This suit is brought to recover $408, a balance claimed for the boarding, clothing, and tuition during four years, of Theodosia LeBlanc a minor, the pupil of the defendant; an exception to the jurisdiction of the District Court was sustained, and the plaintiff has appealed.

In most of the questions of jurisdiction heretofore presented between the Courts of ordinary jurisdiction and the Courts of Probate of this State, in relation to suits against minors for the recovery of money, the claims were due by the successions of their fathers or mothers. Under the provisions of the Code of Practice, which are not free from ambiguity on the subject, this court has held that the ordinary tribunals have jurisdiction of suits against heirs, whether minors or of age, in all cases where an estate, after having been administered by a curator, testamentary executor, or tutor of a beneficiary heir, has come into their

possesssion, or has been absolutely accepted ; while the Courts of Probate have exclusive cognizance of all claims for money brought against successions under the management of curators, testamentary executors, and administrators. Code of Practice, 924, 995, 996. 6 Martin, N. S. 519. 4 La. 202. 5 La. 384. 10 La. 18. 11 La. 359.

In the present case, the debt claimed is one due, not by a succession, but by the minor herself. It is one incurred by the defendant as her tutor, for her personal benefit and advantage. We can see no good reason, nor are we acquainted with any provision of law, which would prevent the District Courts from taking cognizance of claims against minors, or against interdicted persons, or absentees, whose estates are administered by curators. If minors be suable as heirs, in the ordinary courts, under article 996 of the Code of Practice, for debts due by the successions, which they inherit, it would seem that they cannot except to such jurisdiction, when sued for debts due by themselves. In the absence of any expression of legislative will on the subject, we do not feel authorized, either to extend the limited jurisdiction of the Courts of Probate, or to restrict the general one vested in the ordinary tribunals. But it is objected that, as the amount which a tutor is allowed to devote to the expenditures of a minor is limited by law, the Court of Probates has alone the means and the right of fixing such amount, when the tutor, who is the administrator of his ward's estate, shall render to that court the account which is required of him by law ; and that any judgment rendered by the District Court, would infringe upon the powers of the Probate Court, and could not be binding upon it when called upon to audit the tutor's account. We cannot see much difficulty or weight in this objection. Proof of the means and revenue of the minor can be adduced in the one court as well as in the other. As to the effect it would have on the plaintiff's claim, if it turned out that it exceeded the revenue of the minor, it is unnecessary for us to pronounce, in deciding on the question of jurisdiction ; but it is clear, that if the tutor had expended for the support and education of his ward, a larger sum than that authorized by law, he might make himself personally liable, either to the creditor with whom he contracted, or to the minor whose funds he ad-

ministered contrary to law. In the latter case, the judgment of the District Court allowing the plaintiff the full amount of his claim would not interfere with the power of the Court of Probates to reject such portion of the sum paid under it, as might be found to exceed the revenue of the minor, because the tutor would be liable for the illegal acts or contracts made by him, on which such judgment may have been rendered against his ward.

It is therefore ordered that the judgment of the District Court be reversed, and the plea to its jurisdiction overruled, and the case remanded for further proceedings ; the costs of this appeal to be borne by the appellee.

*G. B. Taylor*, for the appellant.
*Labauve*, for the defendant.