VICTOIRE PICOU *v.* BARTHELEMY FERGUS DUSSUAU, and others, Heirs.

Art. 996 of the Code of Practice which provides, that when an estate "is in the possession of heirs, either present, or represented in the State, though all or some of them be minors, actions for debts due from such successions shall be brought before the ordinary tribunals, either against the heirs themselves, if they be of age, or against their curators if they be under age or interdicted," applies to estates accepted absolutely, or to those which, after having been administered by a curator, testamentary executor, &c., have come into the possession of the heirs. If the heirs be all of age, and accept unconditionally, they are immediately put in possession of all the property, and are suable before the ordinary tribunals for their virile portion of the debts, as if contracted by themselves. If some are minors, the succession cannot be accepted by, nor for them, but with the benefit of inventory. When thus accepted, it cannot be administered partially, but the whole estate must be placed under the management of an administrator, and no part comes legally into the possession of the heirs as such, until the administration is terminated, or a partition is legally made among the heirs. Until such administration or partition, the estate must be administered under the authority of the Court of Probates, in which it was opened, and all claims for money against it must, under arts. 924, §

13, and 983 of the Code of Practice, be presented there for settlement. C. C. 1002, 1040, 1051. C. P. 992. Act 25th March, 1828, ch. 83, § 13.

A claim for a sum of money against a succession, should not be engrafted on a proceeding, the object of which is to call upon the heirs to declare whether they accept or refuse the estate. Where, under such a proceeding, the heirs of full age fail to answer whether they accept or renounce, they may be declared unconditional heirs, and liable to be sued as such. C. C. 1029. But as to minors, no judgment of any kind can be rendered against them. They can, under no circumstances, be considered as having accepted absolutely; (C. C. 346;) but must be regarded as heirs of age, accepting with the benefit of inventory. The succession should have been put under administration, as provided by art. 1040 of the Civil Code.

APPEAL from the Court of Probates of St. John the Baptist, *Le Blanc*, J.

MORPHY, J. The defendants, three of whom are of age, and the other a minor, are sued as the heirs of the late Marie Louise Dussuau, on a promissory note for $3000, drawn by the deceased to the order of the plaintiff. The latter represents, that Marie Louise Dussuau, who died intestate, in the parish of St. John the Baptist, left real property and slaves, of which the defendants, her children, took possession, without previously taking the necessary steps for the affixing of seals, or making an inventory of the property of the succession; and that, although amicably requested, they refuse to pay the said note. She prays that a tutor *ad hoc*, may be appointed to the minor; that the defendants may be cited to declare whether they accept or refuse their mother's succession; that if they accept, judgment be rendered against each of the four heirs, thus accepting for one-fourth of the sum of $3000, with five per cent interest per annum, from the 8th of May, 1841, with costs; that the same judgment be rendered against them in case they neglect to answer the petition within the legal delays; on the other hand, should they, or any of them, declare their acceptance of the succession under benefit of inventory, that an inventory of the property of the succession may, in that case, be made, an administrator appointed, and he cited and condemned to pay her out of the funds of the estate, and in the due course of his administration, the sum of $3000; &c. The defendants excepted to the jurisdiction of the Court of Probates, pleaded the general issue, and averred that their mother had paid and extinguished the note sued on by partial payments, a statement of

which they annexed to their answer.   There was a judgment below, decreeing the defendants to pay the amount of the note, with legal interest from the 8th of May, 1841 ; and they have appealed.

The counsel for the appellants has rested his plea to the jurisdiction of the Court of Probates, on art. 996 of the Code of Practice.   He contends, that as the petitioner has alleged that the defendants were in possession of their mother's estate, she should, under this article, have brought her action before the ordinary tribunals.   This court has had occasion to construe the provision of law relied on, and has held that it applies to estates accepted absolutely, or to those which, after having been administered upon by a curator, testamentary executor, &c., have come into the possession of the heirs.   If the heirs are all of age, and accept the succession unconditionally, they are immediately put in possession of all the property, and are suable in the ordinary courts for their virile portion of the debts, in the same manner as though they were contracted by themselves.   If some of the heirs are minors, the succession cannot be accepted by them, nor for them, without the benefit of an inventory.   When thus accepted, it cannot be administered partially, but the whole estate must be placed under the management of an administrator, and no part of it comes legally to the possession of the heirs as such, until the administration be terminated, or a partition among the heirs be legally made.   This, in our opinion, results from arts. 1002 and 1040 of the Civil Code.   The first provides that, " when several heirs, in the same degree, are called to a succession, some may accept unconditionally, others under the benefit of an inventory ; for the unconditional heir does not exclude the heir under the benefit of inventory."   The second article declares that, " if there be several heirs to a succession, some of whom have accepted unconditionally, and others claim the benefit of the term for deliberating, the Judge of the place where the succession is opened, shall notwithstanding, cause an inventory to be made of the effects of the succession, and shall appoint an administrator to manage them, until a partition of the same be made among the heirs."   Until such administration or partition takes place, the estate must remain and be administered under the authority of the

Court of Probates where it was opened, and all claims for money against it must, pursuant to art. 924, sec. 13, and art. 983, of the Code of Practice, be presented there for settlement in due course of administration. Civil Code, arts. 1002, 1040, 1051. Code of Practice, art. 992—acts of 1828, p. 156, sec. 13. 4 La. 202. 5 La. 384. 10 La. 17. But it appears to us that the claim of the recovery of a sum of money, should not have been engrafted on a proceeding, the sole object of which was to call upon the heirs to declare whether they accepted or refused the estate of their mother, and that no judgment should have been rendered thereon. The failure of the three defendants of full age to declare whether they accepted or renounced the succession, might well have justified a judgment, declaring them unconditional heirs, and liable to be sued as such. Civil Code, art. 1029. But as relates to the minor heir, no judgment of any kind could be rendered against her. She could not, under any circumstances be considered as having accepted the succession absolutely, when by law it is expressly provided, that she can accept it only with benefit of inventory. Civil Code, art. 346. She was then in the situation of an heir of age, declaring his acceptance of the estate, but claiming the benefit of an inventory. The succession should have been put under administration, as prayed for by the plaintiff herself, and as provided for by art. 1040, and the following, of the Civil Code. The judgment rendered below is then, *ultra petitum*.

It is therefore ordered, that the judgment of the Court of Probates be avoided and reversed ; and that Barthelemy Fergus Dussuau, Jean Baptiste Dussuau, and Marie Louise Emilie, wife of Pierre Rillieux, be considered as having accepted the succession of the late Marie Louise Dussuau as unconditional heirs ; and it is further ordered, that this case be remanded to be proceeded in according to law, the costs of this appeal to be borne by the plaintiff and appellee.

*L. Janin,* for the plaintiff.

*Peyton,* and *J. W. Smith,* for the appellants.