Morpi-iy, J.
This suit was brought against John M. Morris, *25 as administrator of the estate of his deceased wife, Agnes, to recover the penalty of a bond entered into between her and Spencer M. Bankston, on the 3d of April, 1840, and by the latter assigned to the petitioner. By this instrument the deceased, separated in property from her husband, but by him duly assisted, bound herself to convey to Bankston and make.him a title to two slaves, named Phillis and David, in consideration of the sum of four hundred dollars, which Bankston bound himself to pay to the branch of the Union Bank, at Covington, in this State, to the credit of the said Agnes Morris, or to pay a note, of which her husband, John M. Morris, was drawer, for four hundred dollars? on the 28th of May, 1840. In order to secure the execution of the above stipulations, the parties bound themselves to each other in the penal sum of $800. After setting forth this bond, the petition avers, that it has become forfeited and due by a refusal, on the part of said Agnes Morris and her legal representatives, to comply with their contract, although Bankston has paid the sum of $400, by taking up the note referred to in that instrument ; and judgment is prayed for accordingly. The answer denies the plaintiff’s right of action against the defendant, as he has never been appointed administrator of his late wife’s estate, and is in no way liable as such. It pleads the general issue, and avers, that the bond sued on was given for the individual debt of John M. Morris contracted before its execution, and that the deceased, his wife, was in no manner bound to pay the same. After issue was thus joined, the plaintiff moved for and obtained leave to amend his petition, by alleging that the defendant is administrator of his wife’s succession by having been confirmed as natural tutor of her children, and having undertaken to manage the same as their tutor. There was a judgment rendered below against John M. Morris, as tutor of the minor children of Agnes Morris, for $400, with legal interest from judicial demand. The defendant has appealed.
Our attention has been called to a bill of exceptions taken to the permission given by the Judge to amend the petition, after an. exception and answer to it had been filed. The correctness of this opinion may well be doubted; but should we even grant the plaintiff the benefit of the amendment allowed, it could not assist *26 him. The fact of John M. Morris having been confirmed as the natural tutor of his children, could not, of itself, render him the legal administrator of his wife’s succession. It only entitled him to a right of preference to such administration, over every other person who might claim it. • A natural tutor has by law, a right to administer the property of his children, without giving any security. Civ. Code, arts. 327, 330. These articles, upon which the idea seems to be founded that tutors have a right, ex officio, to administer upon successions accruing to their wards, provide only for the administration of the separate and exclusive property of minors, in which no other persons than themselves have an interest; but when a succession opens in their favor, which under the law cannot be accepted for them except with the benefit of inventory, it cannot properly be said to be their property; and it does not legally come to their possession as beneficiary heirs, until it has been duly administered upon in due course of law. Whatever remains after the payment of the debts of the estate belongjs to them, and falls under the administration of their tutor as such. Civ. Code, art. 1051. If there be no beneficiary heirs of age, and the tutor of the minors claims to be appointed administrator, he, like any other person, must give security, though he should be the father of such minors. Art. 1037. It is only when the tutor has been thus appointed administrator, that he can be considered in law as the representative of the estate, and can be sued as such in the Court of Probates, for debts due by it. When the heirs of a succession, being of age, have accepted it unconditionally, or, being minors, have come into possession of it as beneficiary heirs, after the administration of it has legally terminated, they must be sued in the courts of ordinary jurisdiction, and judgments can be obtained against them for debts due by the succession. Code of Pract. art. 996. But when presumptive heirs remain in possession of an estate, without having accepted it, or made an inventory, the course to be pursued by persons holding claims against it,' is pointed out by article 1029 of the Civil Code. They must cite such heirs, in order to oblige them to declare whether they accept or renounce the succession. If the heirs thus cited, declare that they accept it, or are silent, or make default, they shall be con - *27 sidered as having accepted the succession as unconditional heirs, and may be sued as such. Art. 1030. But this provision does not apply to minors who cannot accept an inheritance purely and simply. If the heirs of age declare that they wish to take the benefit of inventory, and to have delay for deliberating, or if the heirs are minors who cannot accept otherwise, the Judge must cause an inventory to be made, and must appoint an administrator to manage the property. Arts. 1031, 1032, 1034 to 1040. The administrator thus chosen has the same powers, and is subject to the same duties and liabilities as the curators of vacant estates, and must proceed to the sale of the property and the payment of the debts in the same way. Civ. Code, art. 1042. Code of Pract. arts. 992, 994. If after the expiration of the delay allowed to the heirs to deliberate, they declare that they are not willing to accept the estate otherwise than with the benefit of inventory, the person appointed administrator, whether it be one of the beneficiary heirs or any other individual, shall proceed to settle and liquidate the affairs of the estate ; and the balance remaining after the payment of the debts, shall belong to the heirs. Art. 1051. From all these provisions it clearly appears, that whenever a succession is accepted with the benefit of inventory, (and minors cannot accept otherwise,) it is to be administered as a vacant estate, under the authority of the Court of Probates ; and that all claims against it must be brought in that court, against the administrator appointed to settle it; that the tutor of minors in whose favor a succession is opened, has not by virtue of his office, abetter right to administer upon it, without being appointed and giving security, than any other individual; that persons holding claims against such an estate must provoke the appointment of an administrator, against whom, as the legal representative of such estate, they may bring their suits ; and that they cannot sue the minor heirs, through their tutor, in the Court of Probates, and obtain against them personal judgments. Civ, Code, arts. 1031 to 1060. Code of Pract. arts. 974 to 996. 4 La. 202. 5 La. 384. 17 La. 106. 1 Robinson, 407. 3 Robinson, 30. See also the case of Picou v. Dussuau et al. 4 Rob. 412.
It is, therefore, ordered, that the judgment of the Court of Pro *28 bates of the parish of St. Helena, be reversed ; and it is further ordered, that the defendant be dismissed, with costs in both courts.