Morphy, J.
This suit was brought in the Court of Probates of the Parish of Concordia by the petitioners, who allege that, on the 12th of April, 1839, they obtained a judgment against Daniel C. Morris for $1566, with interest at. eight per cent per annum from the 17th of March of the same year until paid. That since the rendition of this judgment, Daniel C. Morris has died, leaving minor heirs ; that his estate is administered by Edward Cochran, as tutor of said minors; that said tutor, by order of the Probate Court, has sold the property belonging to the succession ; and that, although often requested so to do, he has not paid to the petitioners the amount of their judgment, nor accounted for the moneys arising from said sale. The petition concludes with a prayer that Edward Cochran be cited to render a just and full account of his administration of said succession as tutor of said minor heirs, and that he be ordered to pay to the plaintiffs the amount of their judgment against Morris, or so much thereof as may be their just proportion in the distribution to be made among the creditors of the succession. Service of this petition and of a citation was made on the defendant, on the 19th of May, 1842. The Probate Judge having excused himself on the ground that he had been counsel for the plaintiffs in obtaining their judgment, the case was transferred to the District Court for further proceedings. On the 24th of May, 1842, a judgment by default was entered up against the defendant, which was confirmed on the 31st, decreeing that the plaintiffs should recover of the defendant as tutor and administrator of the succession of Daniel C. Morris. $1566, with interest at eight per cent per'annum from the 17th of March, 1839, and the costs of suit, and that the defendant should render the account prayed for within sixty days, and pay to the plaintiffs such amount as may be their proportion of the assets of said succession. This judgment was served upon the defendant on the 25th of June, following. At the December term of the same year, the plaintiff moved for and obtained an execution against Cochran, on the ground that he had failed to render his account of the condition of said succession, as ordered by the court at its last term. A motion was made a few days after, by the defendant, to set aside the judgment or order, directing an execution to issue against *43 him, the same being illegal, null, and void. No action appears to have been had on this motion, but the defendant took the present, a suspensive, appeal from the judgment rendered against him, and the order authorizing an execution to issue under it.
It is clear that the judgment by default taken on the 24th of May, 1842, when process of citation had been served on the defendant, only on the 19th, five days before, was illegal and null. Code Prac., arts. 180, 310. With this judgment must fall the whole of the subsequent proceedings. We would remand the case to be further proceeded in below, were it not apparent from the petition itself, that the plaintiffs have not the right of action which they seek to enforce. They allege themselves to be judgment creditors of Daniel C. Morris, and they call upon the defendant, as tutor of the minor heirs of the deceased, to render to them an account of his administration of the succession. It is not pretended that the defendant has ever been legally appointed administrator of the estate, but only that, as tutor of the minors, he is administering it. Without such an appointment, the tutor of the minor heirs of an estate cannot be considered as its legal representative, and be sued as such in the Court of Probates, for debts due by the deceased. He is only authorized by law to administer the property of his wards. When a succession is opened in their favor, it cannot be accepted for them, but with the benefit of inventory ; it cannot be said to be their property, and it does not legally come to their possession as beneficiary heirs, until it has been administered upon in due course of law. Whatever remains after the payment of the debts of the succession belongs to them, and falls under the administration of their tutor as such. Civ. Code, art. 1051. Tutors have not, ex. officio, the right to administer successions accruing to their wards. Their office only entitles them to a right of preference over every other person who might claim the administration, when there are no beneficiary heirs of age ; but, like any other person, they must give security, and qualify as such. Civ. Code, arts. 1031, 1032, 1034, 1037, 1040. Persons, then, holding claims against an estate must provoke the appointment of an administrator, against whom, as the legal representative of such estate, they may bring their suits. They cannot sue the tutor of the minor *44 heirs, and obtain judgments against him, as such, for debts due by the deceased. If they could, they would render unavailing *for the protection of minors those provisions of law which declare that they cannot accept a succession but with the benefit of inventory, as their separate and individual property might be affected by judgments against their tutor for debts due by an insolvent estate. Civ. Code, arts. 1031 to 1060. Code Prac., arts. 974 to 996. 4 La. 202; 6 La. 384 ; 17 La. 106. 1 Robinson, 407; 3 Robinson, 30. See also cases of Picou v. Dussuau et al., (4 Rob. 412,) and Self v. Morris, (7 Robinson.)
Shaw, for the plaintiff.
Stacy and Sparrow, for the appellant.
It is, therefore, ordered that the judgment of the District Court be reversed, and that defendant be dismissed, with costs, in both courts.