Morphy, J.
The defendant is sued as the curatrix of her husband, Isaac Erwin, an interdicted person, on a note for $820 60, drawn in favor of the petitioners by the said I. Erwin, some time before his interdiction. An exception was taken to the jurisdiction of the District Court, which being overruled, the defendant pleaded the general issue} and she now appeals from a judgment rendered against her below.
We are not aware of any provision in the Code of Practice, authorizing Courts of Probates to take cognizance of claims for money, except when due by successions under the management of curators, testamentary executors, administrators, &c. Arts. 924, 983. This court has accordingly held, that the ordinary tribunals have jurisdiction of suits brought against minors, when they are in possession of an estate already administered upon by a curator or testamentary executor, or when the debt is due by themselves. Code of Pract. art. 996. 6 Mart. N. S. 519. 4 La. 202. 5 La. 384. 10 La. 18. 11 La. 359. In the case of Babin v. Todd, Tutor. 4 Rob. 20, we said: “ We can see no good reason, nor are we acquainted with any law which should prevent the District Courts from taking cognizance of claims against minors, or against interdicted'persons, or absentees, whose estates are administered by curators. If minors be suable as heirs in the ordinary courts, under article 996 of the Code of Practice, for debts due by the successions which they inherit, it would seem, that they cannot except to such jurisdiction when sued for debts due by themselves. In the absence of anjr expression of legislative will on the subject, we do not feel authorized, either to extend the limited jurisdiction of the Courts of Probates, or to restrict the general one vested in the ordinary tribunals.” The plea to the jurisdiction of the court was properly overruled.

Judgment affirmed.