NATHANIEL A. McNAIRY and others, Executors of John McNairy, deceased, *v.* ROBERT BELL.

A judgment rendered in another State against a defendant not a resident of that State, is not admissible in evidence against him, unless it be shown, that he was cited, or had appeared. Without service of citation, or appearance, a judgment is, *per se,* of no effect.

The statute of the State of Tennessee, authorizing sureties who have paid the debt of their principal, to obtain judgment against the latter, by motion, without notice to him, and on the verdict of a jury convened to try the fact of suretyship, can only operate, within that State, on citizens or residents thereof. It cannot empower citizens of that State to obtain judgments against non-residents.

To give to a court, in any case, jurisdiction of the person, the party must have had due notice of the suit.

APPEAL from the Commercial Court of New Orleans, *Watts,* J.

MORPHY, J. This suit is brought on an open account annexed to, and made part of the plaintiffs' petition, to recover $25,611 88, for slaves sold and delivered to the defendant, by the late John McNairy, and for cash at sundry times paid by the latter, for the account, and at the request of the former, from the year 1823 to the year 1831. The defendant admitted, that the said John McNairy was liable, with others, as surety for himself and George Bell, his brother, for a certain debt, (amount not recollected) due to one John G. Meaux ; but averred, that in March, 1829, he remitted to the said John McNairy $9000, to pay said debt, and denied being indebted to the estate of the deceased, in any sum whatever, except in the items of $75 and $100, advanced to his wife in the year 1831, which sums he averred, that he had always been willing, and ready to pay. The defendant further relied upon the plea of prescription. The Judge below rejected all the items of the account except one for $4071 86, for which, to-

gether with the sums admitted to be due, he gave judgment in favor of the petitioners.  The defendant appealed.

As no amendment of the judgment has been prayed for by the appellees, the only thing to be considered in this court is, whether the sum of $4071 86, has been correctly allowed below.

The charge is set forth in the account, as follows, to wit: 1831, 9th June.  Amount of judgment in Circuit Court, on the part of Montgomery Bell, assignee of one of the notes to Meaux,   .   .   $4071 86

Interest to 16 March, 1830,   .   2136 60

In support of this item, the plaintiffs offered in evidence a judgment for $4071 86, rendered against the defendant in the Circuit Court of Davidson County, Tennessee, in favor of John McNairy, Felix Grundy, and John Shelby, together with an assignment of said judgment to the plaintiffs' testator, by the said Grundy and Shelby.  This judgment purports to have been rendered in favor of these persons, as sureties, (with others) of Robert and George Bell, on a note of $5150, payable to one Meaux, and by him assigned to Montgomery Bell, who had obtained judgment thereon, and had compelled them to pay in satisfaction thereof the said sum of $4071 86, then due to him.  The introduction of this evidence was resisted by the defendant, on the ground, among others, that the said judgment, was, on its face, a mere nullity, as it appeared, that the defendant, who was a resident of Louisiana, had not been cited, and had had no notice whatever of the proceedings on which it was founded.  We think, that such a judgment should not have been given in evidence against the defendant.  It appears to have been rendered in Tennessee, under a statute of that State, which authorizes sureties who have paid the debt of their principal, to obtain judgment against the latter by motion, without any notice being given to him, and on the mere finding of a jury convened for the purpose of trying the fact of suretyship,  This law was, no doubt, like all others, intended to operate *infra territorium*, on the citizens, or residents of the State by whose government it was enacted.  It cannot surely enable citizens of Tennessee, to obtain judgments against persons residing in other States, or countries, in no manner amenable to the jurisdiction of that State.  Such judgments would be *coram non*

*judice.* To give jurisdiction of the person to a court, in any case, the party must have had due notice of the suit. We cannot believe ourselves bound to enforce against our citizens, or to consider binding on them, a judgment obtained under such a law, which is derogatory to the first principles of justice. In reference to this same statute, this court has already had occasion to recognize the well settled doctrine, that a judgment rendered in another State is not evidence against a defendant, unless it be shown, that he had been served with process, or had otherwise appeared. Without such service, or appearance, a judgment or decree is, *per se*, of no effect. 10 La. 222, 381. 13 Johnson, 192, 205, *et seq.* 1 Kent's Comment. 261, and *note.* But, upon examining the record, we think, that independent of this evidence, it sustains the judgment appealed from. The debt for which the defendant in his answer acknowledges, that John McNairy was his surety with others, appears to have been evidenced by two notes of $5150 each, in favor of one Meaux, who had a judgment entered on one of them, and assigned the other to Montgomery Bell, who obtained thereon the judgment, the amount of which is charged as having been paid by the plaintiffs' testator, on the 9th of June, 1831. These judgments are frequently mentioned in a long correspondence, which passed between McNairy and the defendant, and the latter's liability to the former for Bell's judgment clearly admitted. In a letter of the 29th of November, 1829, the defendant says: " You must, without delay, send me the two judgments on account of the claims of old Meaux ; one of them, I believe, in favor of Montgomery Bell ;" &c. On the 7th of July, 1830, he says : " I want you to have something authentic sent me, to show, that those two judgments sent me, that is, *Richard Meaux* v. *John McNairy and others*, and *Montgomery Bell* v. *John McNairy and others*, are also against G. and R. Bell, as founded on a debt of theirs, for which you are security. As they stand here, from the judgments sent it does not appear, that G. and R. Bell are concerned. I also want you to have the one of Richard Meaux, against John McNairy and others, the interest of the judgment made over to me, R. Bell, alone, so that I can use it. If judgment yet has been got on the other let me know it, and the amount, if not got when it will. I

must make arrangements to pay it as soon as I possibly can."
On the 15th of May, 1831, he writes ; " Yours of February,
would have been answered long since, but I have been waiting
and trying to raise the amount of Montgomery Bell's judgment to
send you, and now find it will be out of my power to do it this
spring ;" &c.   On the 26th of July, 1831, he says :   " I now has-
ten to thank you for paying this judgment of four thousand dollars
and upwards to Bell, which, as I told you, was out of my power
to do myself, but trust I will have it in my power to re-pay your
kindness next spring."   In several other letters, the defendant
reiterates the acknowledgment of his indebtedness to his brother
in-law, and frequently expresses his desire, and, at the same time,
his inability, to re-pay this money.   These admissions, one of
which mentions an indebtedness approaching so nearly to
the charge made in the account, appear to us sufficiently to es-
tablish its correctness.   They have moreover been made within
ten years previous to the institution of this suit, which was brought
on the 3d of April, 1840.

It is, therefore, ordered and decreed, that the judgment of the
Commercial Court be affirmed with costs, to be paid in due
course of administration by the legal representative of the estate,
said Bell having died during the pendency of the appeal, and the
action having been revived.

*Peyton* and *I. W. Smith*, for the plaintiffs.

*C. M. Conrad*, for the appellant.