### ROWLAND G. HAZARD *v.* THE AGRICULTURAL BANK OF MISSISSIPPI.

A final judgment rendered in another State between the same parties, where both were before the court, will be conclusive between them, on an application to render the judgment executory here. The plaintiff cannot be called upon again for proof of his demand.

The law authorizes those whose interests may be affected by an action pending between others, to intervene, and join one of the parties, or oppose both; but they cannot be compelled to do so. C. P. 389, 390. Act 7 April, 1826, s. 10. They may institute a separate action against either, or both of the parties litigant. C. P. 391. But should any of their rights be lost or impaired, in consequence of their neglect or failure to intervene, after notice of the proceedings likely to affect them, they must bear the consequences.

A garnishee is but a stakeholder; he has nothing to do, but to take care of himself. He cannot interfere between the plaintiff and defendant, nor others claiming what he holds or owns, but must pay to whomsoever the court may order him.

Where a debt due to defendants by a note secured by mortgage, had been transferred to third persons by a notarial act recorded in the office of the parish judge, but before notice of the transfer was given to the maker of the note, the debt was attached by a creditor of defendants, the attaching creditor will be entitled to be paid by preference out of the proceeds.

Debts due to a foreign corporation may be attached.

Where a petitioner alleges that defendants are indebted to him in a certain sum, for which he had recovered judgment against them in another State, and prays that they may be cited to answer, for judgment, and for an attachment, and he subsequently obtains an order rendering the foreign judgment executory in this State, he may have the latter order annulled, on motion, *ex parte;* and where defendants appear and answer to the merits, without excepting to the previous proceedings, any irregularities will be considered as waived.

APPEAL from the Commercial Court of New Orleans, *Watts,* J. The plaintiff represented that he had obtained a judgment, in a court of the State of Mississippi, against the defendants, a corporation created by a law of that State, for the sum of $7,778 23, with interest and costs, and prayed that the bank might be cited, and judgment rendered against it for the amount so ascertained to be due. He further represented, that one Samuel Lambdin is largely indebted to the defendants, and prayed that he might be made a garnishee, and ordered to answer certain interrogatories; and that so much of the debt due by him as should be necessary to satisfy plaintiff's claim might be *sequestered,* and applied to the payment thereof. ·

On the 21st March, 1843, the day on which the petition was filed, an *attachment* was taken out, which was served on the same day, "by attaching all the rights, lands, moneys, &c. of defendants in the hands of Mr. Lambdin." On the 7th of June following, plaintiff filed a transcript of the Mississippi judgment; and an order was entered, making "the said judgment executory in the State of Louisiana," and decreeing that "any property of the said defendants found therein be seized, and sold, to satisfy the said judgment and costs of suit."

On the 18th July, 1843, Lambdin filed his answers to the interrogatories propounded by the plaintiff, in which he states that he had no property of the defendants in his possession; but that one William Bisland and himself were indebted, *in solido*, to the defendants for the amount of a promissory note, signed by them, and dated at Vidalia, the 13th of December, 1842, made in favor of the President, Directors and Company of the Agricultural Bank of Mississippi, and for the amount of a bond given by Bisland and himself for the payment of interest on the note at the rate of eight per cent a year, from the 13th December, 1842, until paid. He adds, "that the note was transferred by the defendants to Brown, Brothers & Co., on the 15th of December, 1842, by an act of record in the office of the parish judge of the parish of Concordia; but that he did not know of the transfer till notified by Tyler and Henderson, trustees, on the 5th of April, 1843." This notice is annexed, in these words:

"Samuel H. Lambdin, Esq. "Natchez, Sept. 4, 1843.

"Sir:—We understand that you have been garnisheed as a debtor of the Agricultural Bank of Mississippi. We, therefore, as trustees of Brown, Brothers & Co., do hereby inform you, that the note given to the board of directors of the said bank by William Bisland and Samuel H. Lambdin, for $42,425 87, dated 13th December, 1842, does not belong to the said bank, but is the property of Brown, Brothers & Co., together with the mortgage by which it is secured, and that the said note and mortgage are by us held, as the trustees of the aforesaid Brown, Brothers & Co., &c. &c. Respectfully yours,

"J. D. TYLER, } *Trustees.*"
"THOS. HENDERSON, }

Lambdin's answers to the interrogatories were annexed to a petition, in which, after reciting the nature of his debt to the bank, he prays that he may be allowed to intervene; that Brown, Brothers & Co., through their agent residing in New Orleans, may be cited to appear and assert any rights they may have, or, on failing to do so, be debarred from ever afterwards setting up any claim or title to the note and bond sued on.

Brown, Brothers & Co. having excepted to answering, their exception was overruled on the 27th January, 1843, the court ordering them to answer within a time fixed, and "to assert their rights as against Lambdin, or be concluded by the judgment which may be rendered in the case."

Two days after, on the 29th of January, on motion of the counsel for Lambdin, contradictorily with plaintiff's counsel, the order rendered on the 7th of June preceding, "making the judgment on which this action was instituted executory, was annulled, as having been made through error, the original petition calling for a citation, answer and judgment."

The defendants answered by denying that the court has jurisdiction, that any property has been attached, or that plaintiff owns or possesses the notes originally sued on, and requiring their production.

Brown, Brothers & Co. answered, by alleging that the defendants are indebted to them in a sum exceeding the amount of Bisland and Lambdin's note; that that note was delivered to them to secure them against any loss on account of said debt, as stated in an act of subrogation from the Agricultural Bank, executed at Vidalia, 15th December, 1842. They deny plaintiff's right to attach, and require that he produce the notes on which he obtained judgment. They also pray for a judgment against Lambdin for $42,425 87, with interest, &c., being the whole amount of the note executed by Bisland and himself.

Brown, Brothers & Co. annexed to their answer a copy of a notarial act executed before the parish judge of Concordia, on the 15th December, 1842, by J. D. Tyler, as president, on behalf of the Agricultural Bank, which, after reciting that the defendants are largely indebted to Brown, Brothers & Co., declares, "that, in order the more fully to secure the said Brown, Brothers

& Co. against any loss or damage," &c., " the said J. D. Tyler, president, &c., does by these presents specially assign, transfer, pledge and deliver unto the said James Brown, for the purpose of securing the debts due by said Agricultural Bank to the said Brown, Brothers & Co., a certain promissory note for the sum of $42,425 87, drawn, *in solido,* by William Bisland and Samuel H. Lambdin, of Adams county, Mississippi, dated at Vidalia the 13th day of December, 1842, and payable to the order of the President, Directors and Company of the Agricultural Bank of Mississippi, on the 13th of December, 1843, at the banking-house of said bank at Natchez, which said note is the consideration of a certain mortgage executed by said Bisland and Lambdin, by authentic act passed before the judge of the parish of Concordia on the 13th day of December, 1842, and paraphed by the said judge to identify it therewith, which said act is duly recorded in the office of said judge; and the said president, &c. further declared, that he doth hereby subrogate the said Brown, Brothers & Co. to all the rights of mortgage which he may possess under said act from Lambdin and Bisland."

In a sort of replication, termed by the counsel " an answer to the petition of Brown, Brothers & Co.," the plaintiff denied that any assignment had ever been made by the bank to Brown, Brothers & Co.; averred that any such transfer was forbidden by the laws of Mississippi; that no notice of a transfer was ever given to Lambdin, or Bisland, until after the attachment; that the bank was insolvent at the date of the alleged transfer; and that such transfer, if ever made, was never accepted by Brown, Brothers & Co.

It was admitted on the trial, that the Agricultural Bank was indebted to Brown, Brothers & Co. in the sum of $446,856 61, on the 30th November, 1843; that they received from the bank a large amount of bills receivable and other assets, the nominal value of which was greater than the amount of the debt, but that enough had not been realized to pay said debt, and that the bank still owes them a sum greater than the amount in dispute in this suit; that no new consideration was given to the bank for the alleged transfer of the claim against Bisland and Lambdin, which was subsequent to the receipt of the said bills

receivable; that judgments for a large amount have been rendered against the bank in Mississippi, on which executions have been issued, and returned, by the sheriff of Natchez, *nulla bona;* and that the bank suspended specie payment in 1840, and has not since resumed. It was admitted that the common law prevails in Mississippi, modified by statutes; and it was agreed that the laws of that State might be read in evidence.

The plaintiff introduced in evidence the record of his suit against the bank in Mississippi, with the execution issued thereon and return; Lambdin's answers to the interrogatories; the letter from Tyler and Henderson, notifying Bisland of the transfer of his note; and an act passed before the parish judge of Concordia, on the 13th of August, 1842, pledging and mortgaging to James Brown, acting on behalf of Brown, Brothers & Co., certain lands, slaves and other assets, in consideration of certain arrangements made by them, and for the purpose of securing the payment of the debt due to them by the bank.

Brown, Brothers & Co. offered in evidence the notarial act annexed to their answer.

There was a judgment below against the plaintiff as in case of nonsuit, from which he appealed.

*Barker,* for the appellant.

*Peyton* and *I. W. Smith,* on the same side. The attachment should be maintained. Serjeant on Attachment, 75. *Gibson v. Huie,* 14 La. 132. Defendants could not have transferred the note under the laws of Mississippi. See *Hyde et al v. Planters' Bank of Mississippi,* decided in this State, in July, 1844, and *Payne et al v. Baldwin,* decided by the High Court of Errors and Appeals of Mississippi, in November, 1844. Nor, consequently, under the laws of this State. *Frazer et al. v. Wilcox et al.,* 4 Robinson, 517. The payees of the note being a corporation disabled by law from transferring the note at the time it was made, or since, it never became negotiable, and could not pass by endorsement and delivery.

The contract under which Brown, Brothers & Co. claim, was one of pledge. Civil Code, arts. 3100, 3102. It was void, for it does not appear that the person who signed for the corporation was authorized to do so by the directors. Ibid, art. 3117. Nor

could the corporation have made such a contract, being disabled by law. The pledgee never assented to the contract till after the attachment. Nor was the note delivered. Ibid, arts. 3119, 3129. Nor endorsed. Ibid, arts. 3123, 3128. *Chapman's Syndic* v. *Shelton*, 2 La. 277. The insolvency of the bank rendered the pledge void. Civil Code, arts. 1965, 1989.

Any irregularities growing out of the order making the Mississippi judgment executory, were waived by the answers to the merits. The bank had not lost all control over the debt at the time of the attachment, as the pledge had not then been accepted. Civil Code, art. 1974.

*L. Pierce*, for the defendants, and Brown, Brothers & Co. The attachment was abandoned by the prayer to render the Mississippi judgment executory. The plaintiff has nothing to do with the legality of the transaction between defendants and Brown, Brothers & Co. 17 La. 555. 1 Rob. 435. 2 Rob. 99. The bank had lost all control over the debt, and plaintiff cannot be in a better situation than the bank itself. 7 Mart. N. S. 137. 2 Rob. 253. Brown, Brothers & Co. were illegally called in by the garnishee. Hazard must bring a direct action against them, attach the debt in their hands, and enjoin the negotiation of the note; there would then be bond and security for damages.

GARLAND, J. The plaintiff having obtained a judgment in the Circuit Court of Adams county, Mississippi, against the Agricultural Bank, a corporation located in that county and State, for the sum of $7,778 23, with interest thereon at the rate of eight per cent per annum, from the 14th of December, 1842, and costs, issued an execution thereon, which was returned "no property found"; whereupon he brought a copy of the record, and instituted a suit thereon in the Commercial Court, by attachment, making Samuel H. Lambdin a garnishee, to whom various interrogatories were propounded, for the purpose of ascertaining whether or not he was indebted to the defendants. The attachment was served on the 21st March, 1843, and the garnishee cited personally the same day.

On the 7th June, 1843, a judgment was rendered and signed by the judge of the Commercial Court, in which it is stated that, upon the production and filing of a duly certified copy of

the record and proceedings in the Circuit Court of Adams county in the case mentioned, it was therefore ordered that the said judgment in favor of the plaintiff, against the defendants, be made executory in the State of Louisiana, for the sum therein mentioned, with interest and costs, and that any property of said defendants that can be found, be seized, and sold to satisfy the same.

In July, 1843, Lambdin appeared by counsel, and answered the interrogatories propounded to him. He says that he has no property belonging to the defendants in his possession, but that he and one William Bisland are indebted to said defendants, for which debt they, on the 13th of December, 1842, gave their note, *in solido*, to the President, Directors and Company of the Agricultural Bank of Mississippi, for the sum of $42,425 87, payable twelve months after date, at the said bank, in Natchez; and that they also gave a bond at the same time, jointly and severally, promising to pay interest on the above-mentioned sum, at eight per cent per annum, from the date aforesaid. He further answered, that the note and bond had been, on the 15th December, 1842, by an act of record in the office of the parish judge of the parish of Concordia, transferred to Brown, Brothers & Co.; but that he did not know of such transfer or assignment at the time of the service of the attachment in this case, nor for some time subsequently, when he was notified of it by Messrs. Tyler & Henderson, trustees, on the 5th April, 1843, as will more fully appear by a letter annexed to the answers, which letter bears date *Sept.* 4, 1843. With these answers Lambdin files what his counsel calls a petition of intervention, in which he states the fact of being cited as garnishee, and his indebtedness as set forth in his answers; also the assignment of his note to Brown, Brothers & Co.; and he prays that they be cited, by their agent, Samuel Nicholson of New Orleans, to interplead and assert their rights, and if they fail to do so, after legal notice, that they be forever debarred from asserting any right or title to the note and bond described, and that he be preserved harmless from their neglect to appear and answer as required. Brown, Brothers & Co. were cited, and filed an exception to the jurisdiction of the court, averring that they

could not be compelled to intervene in the action, nor could their rights be prejudiced by any judgment that could be rendered; but the court overruled their objections and compelled them to answer, although they are not residents of the State.

On the 29th January, 1844, on motion of the counsel of Lambdin, the garnishee, and contradictorily, as it is stated, with the counsel for the plaintiff, the court ordered that the judgment, given on the 7th June, 1843, making the judgment on which this suit is brought executory, be annulled, the same having been made through error; and it was also ordered, that counsel be appointed to represent the defendants, and that time be given them to correspond and answer. When this order was entered, the defendants were not represented, nor had Brown, Brothers & Co. answered to the merits. The counsel appointed by the court to represent the defendants, shortly after this, answered by a general denial; and, a short time after, the defendants appeared by counsel, and, without any exception to what had been previously ordered or decreed, alleged that the court had no jurisdiction, as no property of defendant's had been attached. It is further denied that the plaintiff owned the notes originally sued on, and their production is required. A few days after this answer was filed, Brown, Brothers & Co. answered that defendants were largely indebted to them, and that the note of Lambdin and Bisland was delivered to secure them against loss on account of said debt, and for purposes more fully stated in an annexed act of subrogation from the bank to them, passed in the parish of Concordia, on the 15th December, 1842. To this answer the plaintiff replied, by denying that any assignment was made as alleged. He says the laws of the State in which the bank is situated, and by which it was incorporated, forbid any such transfer or assignment as is set up; that said transfer was made without authority from the board of directors, and that no notice was given of it to Lambdin previous to the attachment; that the bank was in insolvent circumstances, and that the alleged transfer was an improper attempt to give a preference to one creditor over another, and that Brown, Brothers & Co. have never accepted it.

At the trial, it was admitted that the Agricultural Bank was

indebted to Brown, Brothers & Co. upwards of $446,000, with interest, and had received at Natchez a large amount in bills receivable and other assets, the nominal amount of which was much greater than the indebtedness, but that not enough had been collected to pay them, and that the bank was at the time owing them much more than the amount of Lambdin and Bisland's note; that the transfer of this note was subsequent to the transfer of the other bills receivable, and that no new consideration was given for it; that judgments to a large amount had been rendered against the bank in Mississippi, upon which executions were issued, and returned "*nulla bona*"; and that payments in specie were suspended in 1840, and never since resumed. It was further admitted, that the common law prevails in Mississippi, with statutory modifications; and it was agreed that the printed statutes of that State shall be used in the inferior and Supreme Court.

The plaintiff gave in evidence a duly certified copy of the record, judgment and execution in his favor, rendered in Mississippi, the answers of Lambdin to the interrogatories, and the notice of Tyler and Henderson, trustees, to him of the assignment of his and Bisland's note; also the first transfer of bills receivable and assets from the bank to Brown, Brothers & Co., passed before the parish judge of Concordia, in August, 1842. In behalf of Brown, Brothers & Co., the act passed on the 15th December, 1842, assigning and pledging to them the note of Lambdin and Bisland, as additional security for the debt owing to said assignees, was given in evidence. The court below, after a full statement of the facts, and consideration of them and other topics, concluded that there was " no other way to get rid of this entangled business except on the technical rule, that the plaintiff has a recognition of his judgment and an order for its execution, and his application for these is an abandonment of his attachment, and this order has not been properly annulled." For this reason principally, and incidentally because the note was transferred before it became due, and because there is nothing to impeach the validity of the assignment, such being valid in Mississippi, where it will not be interfered with in favor of non-resident creditors; and further, because

the statute which prohibits the transfer by banks of their rights and credits, was made in favor of debtors, and the only relief they have is to plead the same in abatement when sued by a transferree, the court gave a judgment of nonsuit against the plaintiff, saying that, if the statute forbidding assignments is of any avail, it avails against the attempt of the plaintiff to acquire a right to the debt owing by Lambdin, by citing him a garnishee. From this judgment the plaintiff has appealed.

The judge of the inferior court complains very much of the management of this cause, and the confusion produced by it; but it appears to have been plain enough until he allowed the application of Lambdin to cite in Brown, Brothers & Co., and persisted in keeping them in court, in spite of their exception to his "*Briarean jurisdiction,*" as he calls it. There were before the court a plaintiff, with a demand liquidated by a judgment not open for investigation; a corporation located in another State, as defendants; and a garnishee making no objection to being drawn into the cause, and answering under oath that he was a large debtor of the defendants, but stating, by way of precaution, that he had, since he was cited as garnishee, been notified of an assignment of the *note* he owed, of which he had no previous knowledge.

As between the plaintiff and defendants, the demand of the former, is sufficiently established by the record. and judgment of the Circuit Court of Adams county. It is conclusive between the parties, both being before the court, and a verdict and judgment having been given upon the issues made. The defendants have no right to go behind that judgment, and again put the plaintiff upon proof of his demand. The garnishee admits that he gave his note to the defendants, for a much larger sum than the plaintiff claims, and interposes no obstacle to a judgment, if it be so rendered as to protect him, in the payment of it, from future liability. Lambdin acted correctly, in stating in his answer the notification to him of the transfer of the note to Brown, Brothers & Co., and in requesting that they should be notified of the proceedings against him. He would be liable to pay a second time, if any injury should result from his withholding the information; but the court below was wrong in

compelling Brown, Brothers & Co. to assert their claim to the note of Lambdin and Bisland in a manner they did not wish, and before a tribunal not of their selection. They had notice that a legal proceeding was pending which might seriously affect their rights and interests. If they choose to stand by, and not assert their claims, they do so at their peril; and it is not the duty of the court to force them to the assertion of them. The law authorises persons whose interests may be affected by a suit pending between other parties, to intervene in such suit, and join one of the parties, or oppose both; but it does not compel them to do it. Code of Practice, arts. 389, 390, and amendments thereto. They have a right to institute their separate suit against either, or both of the parties litigant (Ibid, art. 391) ; and if any of their rights have been lost or impaired, by their neglect, after notice of the proceedings likely to affect them, the loss is the result of their own misconduct or inattention. We are, therefore, of opinion that the court erred, in overruling the exception of Brown, Brothers & Co. Whenever they think proper to pursue Lambdin on the note alleged to have been assigned by the defendants, he may oppose to them, not only the statute of the State of Mississippi declaring it illegal for any bank to assign its assets, and abate their suit; but he can also set up his notice to them of the proceedings in this case, and their refusal or neglect to take care of their rights when they were in danger. This court has more than once decided, that a garnishee is but a stakeholder between other parties. He can do nothing more than take care of himself, and not become liable for more than he really owes, or is bound for. He cannot interfere between the plaintiff and defendant, or others setting up claims to what he has in his hands, but must pay to whomsoever the court may order him. 4 Robinson, 517. 14 La. 511. 19 La. 405. It is also well settled by numerous decisions of this court, that so long as no notice is given of the assignment of the debtor's claims against a third person, such claims are liable to be attached. In this case, it is not pretended that any notice of the assignment of Lambdin and Bisland's note was given, until after the former was cited as a garnishee. The notice is dated subsequently to the attach-

ment, and in it Tyler and Henderson state that they are informed that an attachment had been levied, and, therefore, they give the notice. This is clearly insufficient.

The counsel for the defendants contends that an attachment cannot lie against a foreign corporation. We do not think there is any weight in the objection. Our reports contain numerous cases of the kind; and our jurisprudence on that point is too well settled to require further argument. He further says that the suit cannot be maintained, because nothing is attached; that the bank disclaims any right to the note, and has put it beyond its control; and that the plaintiff cannot reach it, as he cannot have any greater rights than the bank has. If this doctrine were admissible, it would be very easy for every debtor to defeat the claim of his creditor, by making a fraudulent assignment. But the counsel does not seem to recollect that the assignment made by the bank was not valid and complete against third persons, until notice had been given to the debtor. The note was not beyond the control of the bank in fact, because it has never gone out of the possession of Tyler, who was the president of the institution.

The judge below held that, as he had made the judgment rendered in Mississippi executory in this State, it dissolved the attachment, said order not having been legally annulled, wherefore he nonsuited the plaintiff. In this, we think, the court erred. In the first place, we think that said order could be, and was, properly annulled. If it were any thing at all, it was a judgment in favor of the plaintiff, never executed. It was his property, and he could consent to its being annulled if he thought proper. We suppose that the court below thought there were grounds for annulling it, when the order was made; and no one has ever complained of it, until the judge made it the means of escaping from the position in which he was placed. The defendants appeared by counsel long after the two orders were made, and pleaded to the merits, taking no exception to any previous proceeding in the case. This, we think, is a waiver of any previous irregularities in the case. As to the validity of the assignment, we do not consider it necessary to decide further than we have already.

It is, therefore, ordered and decreed, that the judgment of the Commercial Court be annulled and reversed, and that the plaintiff, Rowland G. Hazard, do recover of the Agricultural Bank of Mississippi the sum of seven thousand seven hundred and ninety-one dollars and twenty-three cents, with interest at the rate of eight per centum per annum on the sum of seven thousand seven hundred and seventy-eight dollars and twenty-three cents, part thereof, from the 14th day of December, in the year 1842, with costs in both courts; and it is further ordered and decreed, that the garnishee, Samuel H. Lambdin, do pay to the plaintiff, out of the funds in his hands owing to the defendants, the aforesaid sum of seven thousand seven hundred and ninety-one dollars and twenty-three cents, with interest as above stated, and costs; and that an execution issue, as on an ordinary judgment, against said Lambdin, in case he does not pay said sum, with interest and costs; so much of the costs of this appeal as relates to Brown, Brothers & Co., to be paid by the appellant.*

---

* *L. Pierce,* for a re-hearing. An attachment will not lie against a foreign corporation. *Mc Queen* v. *Middleton Insurance Co.,* 11 Johns. pp. 6, 7. The articles of the Code of Practice show that such a writ will lie only against natural persons. Great reliance has been placed on the act of the legislature of Mississippi forbidding the transfer of notes by the bank; but this objection comes with bad grace from a plaintiff who endeavors, by pleading a local statute, made to prevent one creditor from obtaining an advantage over the others, to obtain the assistance of our laws in securing such an advantage for himself. Admitting that, since the decisions in that State, the law itself must be regarded as consti_tutional in Mississippi, are the courts of Louisiana bound to carry it into effect? Are we to maintain all the prohibitory laws of Mississippi, and to treat as a nullity an act of pledge executed here, because forbidden there? The Browns are not prohibited from obtaining security in Louisiana for a just debt, because forbidden by Mississippi to do so within her limits.

But the contract between the bank and Brown, Brothers & Co., was not a violation of the laws of Mississippi. It was not such a transfer as is forbidden by the law of that State, but simply a pledge. Hazard should have brought a direct action against Brown, Brothers & Co. to annul the pledge as illegal. Where title in third persons is sought to be divested, recourse must be had to a direct action of revocation. 17 La. 559. 1 Rob. 437. *Holmes* v. *Remsen,* 20 Johns. 229.

The court have decided that Brown, Brothers & Co. could not be compelled to engage in this controversy; yet it has ordered Lambdin to pay to the plaintiff, to

---

the prejudice of their rights.    If Brown, Brothers & Co. were not compelled by law to appear and defend themselves, the whole proceedings in this attachment were, as to them, *res inter alios,* and they cannot be concluded thereby.    The record shows that Lambdin and Bisland's note was an ordinary negotiable note, not yet due when "assigned, transferred, pledged and delivered" by the bank to Brown, Brothers & Co.    If this act was an absolute transfer, the note, being within the custom of merchants, was transferrable without delivery or notice.    But it was really and plainly a pledge ; and by article 3128 of the Civil Code, notice was unnecessary.    The pledge has been declared void on the assumption that the note never passed out of the hands of the president of the Agricultural Bank.    The record shows that the contrary was the fact.    By the act itself the note is expressly stated to have been transferred and delivered.    The fact that Tyler appears to have been subsequently, with one Henderson, the agent of Brown, Brothers & Co., and that the note was then in their possession, is not inconsistent with the declarations of the notarial act as to the delivery of the note. The fact that Tyler *had been,* at a former period, president of the bank, did not incapacitate him from becoming the agent of Brown, Brothers & Co.

*Re-hearing refused.*