February 10, 1908.

————————o————————

## No. 4374.

(Court of Appeal, Parish of Orleans.)

## ISAAC JOSEPH, ET ALS. vs. SCHWARTZ FOUNDRY CO. LTD.

1.  When the pleadings indicate that the sole attack on the judgment

of a Court of competent jurisdiction of another State is based upon the want of citation of an amended answer setting out a cross-bill or reconventional demand, and the law and rules of practice of said State do not appear to require that said process be served on the original plaintiff, and the record showing the proceedings to have been regular in other particulars, our Court will not declare the nullity of such judgments.

2. It must be presumed that the Judge of the Court of a sister State has observed every requisite formality during the progress of the suit leading to judgment.

Appeal from Civil District Court, Division "A."

H. H. Hall, Plaintiff and Appellee.

Rice & Montgomery, Defendants and Appellants.

ESTOPINAL, J. Plaintiff's petition recites that the Schwartz Foundry Company, of this city, is indebted unto them in the sum of one thousand two hundred and seventy-five dollars and forty cents ($1,275.40); that on the 10th day of April, 1905, they recovered a final judgment against the said Schwartz Foundry Company, Limited, defendant, in the Superior Court of Cincinnati, Ohio, for the sum of one thousand, two hundred and seventy-five dollars and forty cents ($1,275.40), and that said judgment was rendered in suit No. 52,333 of the docket of said Superior Court of Cincinnati, Ohio, and entitled the "Schwartz Foundry Company, Limited, a corporation duly organized under the laws of Louisiana, plaintiff vs. Isaac Joseph and Morris Joseph, partners, as Isaac Joseph Iron Company, defendant."

The present defendants sued the present plaintiffs in the city of Cincinnati, State of Ohio, in April 1905, for one thousand seven hundred dollars ($1,700.00), and to this demand the present plaintiffs filed a reconventional demand or set-off or cross-bill, claiming certain items of indebtedness largely in excess of the present defendants' claim, and there was a judgment rendered in favor of the defendants, plaintiffs in this suit, on the reconventional demand or set-off, for one thousand, two hundred and seventy-five dollars and forty cents (1,275.40), after crediting the one thousand, seven hundred dollars (1,700.00), claimed by the plaintiff, defendants herein.

The defense is an attack upon the validity of the judgment rendered by the Superior Court of Cincinnati, the present defendants urging that they were given no notice of the amended

answer and reconventional demand or set-off filed in said Court by the plaintiffs herein; "that the law of the State of Ohio required notice to , and service on and summons of the plaintiff in said cause of said amended answer and set-off or cross-petition, as a condition precedent and *sine qua non* to hearing of judgment thereon."

From our examination of the record and pleadings in this case, it does not appear that the Court is called upon to adjudicate on any other issue than that raised by the defendant, to-wit: That the judgment obtained on reconventional demand in the Ohio Court is invalid for the reason that notice of said demand was not served on the plaintiff in said suit.

The most eminent lawyers in the State of Ohio, several of whom enjoy a national reputation, testify upon the question of "practice" in the Courts of that State, as to whether a "reconventional demand or set-off should or must be served upon the original plaintiffs, and in their testimony all agree that: "the law of Ohio and the practice is, that service upon the plaintiff of process issued upon a set-off, cross-claim or cross-petition, is not essential to the obtaining of a legal judgment thereon, *unless to bring in a new party or to recover a judgment against a co-defendant.*"

The testimony of these lawyers forms an intelligent and careful review of the mode of procedure and practice in the State Ohio, and their conclusion appears to be that no summons is to go out upon a cross-petition, except to bring some one into Court who is not already there. No such claim is made in this case. The original plaintiff was the only party against whom the reconventional demand or cross-petition was filed.

True, we find the testimony of reputable counsel holding views contrary to those above mentioned. These claim that *service* of a cross-. bill or cross-petition is necessary.

In view of the fact, however, that these witnesses are shown to have been either directly or indirectly interested, (professionally), in this litigation, but without impugning their motive or good faith in so testifying, we deem it safer to adopt or be guided by the opinion, both preponderating and disinterested, which we find in this record. It may not be questioned that a judgment of a competent Court of a sister State may be made executory here only when it is shown that the defendant was

cited or appeared. Under the process in this case (by amended answer and cross-bill or reconventional demand), no service was required under the Ohio law and rules of practice, and the judgment is therefore conclusive of all matters determined therein.

10 La. 18, 220, 381—1 Rob. 575. 5 Rob. 418. 11 Rob. 326. 4 A. 574. 5 An. 43. 12 An. 736.

The proceedings appear to have been regular, and we must assume that the Judge of the Superior Court of Cincinnati, Ohio, observed all of the rules and formalities, before rendering the judgment.

No fraud is shown, nor indeed is it charged.

In the absence of a showing of fraud, or the want of citation, or some other material irregularity in the proceedings in Courts of other States, our Courts have uniformly upheld the judgment of such Courts.

In 1 Robinson 575, the Court say:

"Where a Court of another State has acted finally on a case, the legal presumption is that everything has been done according to law. "Again: "The judgment of a competent Court of another State *not proved fraudulent,* concludes defendant who, has been cited in an action here on such judgment, though rendered on defendant's default. Plaintiff need not prove his original demand, nor is it even open to any defense available in the original action."

11 An. 118; 14 An. 205.

A judgment from one State cannot be tried in another as an absolute nullity for want of jurisdiction, unless original and radical. When jurisdiction is once rightfully attached, subsequent errors in Court of original or appellate jurisdiction cannot be elsewhere collaterally attacked, but are binding in every other Court. 11 An. 507.

In McFarlane vs. White (13 An. 394) the Court says: "A judgment in reconvention from another state whose laws are not shown, when sued on here, cannot by way of answer, be annulled on the ground that neither defendant in reconvention nor his counsel, who were sick at the time of the trial had notice of the reconventional demand, which in reality is unfounded. Such allegations, though supported by others, are insufficient to annul a judgment obtained without fraud. No evidence is admissible to show it unfounded; nor

can defendant offset it by again urging the claims advanced by him as plaintiff in the other State, and on which he is concluded."

As before stated, under the pleadings, this Court is not called upon to pass upon the merits of the controversy. The regularity of the proceedings and the validity of a judgment rendered in the Ohio Court is the only question presented.

Under repeated adjudications of our Supreme Court, which we cannot disregard, the regularity of the proceedings in a Court of competent jurisdiction of another State must be presumed, and unless fraud is shown or want of notice, where such is required, judgment will not be annulled.

The judgment appealed from is affirmed.