No. 12,656.

PEOPLES STATE BANK VS. ST. LANDRY STATE BANK.

When an action is met by an exception of no cause of action leveled at the suit in its entirety, it will not be sustained if the plaintiff have a right of action on any branch of its case.

A bank to whom its own certificate of deposit has been presented for payment by another bank to whom it had been forwarded for collection by a third holder thereof, can not, when it has refused payment and declined to return the certificate to the agency bank, from whom it had obtained possession through presentation for payment, have dismissed an action brought by the latter to obtain either payment of the certificate, or its return to the agent on an exception that the plaintiff has no right of action.

APPEAL from the Eleventh Judicial District Court for the Parish of St. Landry. *Dupré, J.*

---

*Kenneth Baillio* and *E. D. Saunders* for Plaintiff, Appellant.

---

*E. D. Estillette, Thomas H. Lewis* and *E. B. Dubuisson* for Defendant, Appellee.

---

Submitted on briefs February 7, 1898.
Opinion handed down February 21, 1898.

---

Plaintiff alleged that on or about the 8th of March, 1897, it received from the Metropolitan Bank of New Orleans a certificate of deposit issued by the St. Landry State Bank, in words and figures following, to-wit:

" ST. LANDRY STATE BANK, No. 31. ⎱
" OPELOUSAS, La., March 12, 1896.   ⎰

" *Certificate of Deposit.*

" Julius Meyers has deposited in this bank five thousand dollars, payable subject to conditions (see agreement) in current funds on the return of this certificate properly endorsed.

" (Signed)                              FRITZ DIETLEIN,
                                            " *Cashier.*"

That said certificate has the following endorsements, to-wit:

" JULIUS MEYERS,
" HENRY ROOS.

" Pay to the order of Peoples State Bank,
          " Metropolitan Bank of New Orleans.
" Endorsement guaranteed.              A. C. WUERPEL,
                                            " *Cashier.*"

" Pay to yourselves or order.
          " The Peoples State Bank of Opelousas, La.
                              " J. J. PERRODIN,
                                            " *Cashier.*"

That said certificate was sent to petitioner to present to the said St. Landry State Bank in order to collect the amount called for thereby and said certificate under the agreement annexed thereto was due and exigible on the 11th of March, 1897. That petitioner sent said certificate through its runner together with other items which it had that day before collected to the office of the said St. Landry State Bank in Opelousas, Louisiana, and handed the same to the cashier of said bank for collection. That the said cashier, instead of paying the said certificate, illegally and wrongfully kept and detained the same and refused to give it up, but addressed to petitioner a letter, a copy of which is annexed to its petition. That thereupon the cashier of the plaintiff bank addressed to the defendant bank a letter and received an answer thereto, which letter, with its reply thereto, it also annexed to its petition.

That the action of the St. Landry State Bank was illegal, wrongful and in violation of the custom prevailing between banks in the town of Opelousas and elsewhere; that it had no right to retain said certificate, but was bound either to pay or to return it to petitioner. That plaintiff was bound to obtain the return of the same

34

in order to remit it to the Metropolitan Bank, or else to collect the money therefor.   That the said bank having illegally and wrongfully taken possession of said certificate, was bound for the value thereof.

The premises considered, plaintiff prays for judgment in its favor, condemning the defendant bank either to return the certificate and agreement thereto annexed, or else to pay it the amount of said certificate, to-wit: the sum of five thousand dollars, with legal interest from 11th March, 1895, until paid.

In the letter of the plaintiff to the defendant bank (the letter was referred to in its pleadings), its cashier mentioned a certain telegram as having been received by it from the Metropolitan Bank, and which he stated accompanied his letter, and declared that the defendant bank would from it see the necessity under which plaintiff was to return the certificate of deposit which had been sent it for collection, and which had been handed to defendant in plaintiff's regular clearings, but which it forcibly withheld.   He made a formal demand on defendant for the immediate return of the certificate, or the payment of the amount thereof, announcing and warning it that his own bank would hold it responsible for the consequences of not doing so.   Defendant replied that it was perfectly responsible for both the certificate and the deposit which it represented.   That it claimed the ownership of both and would hold the same against the world until legally dispossessed.   Defendant refused to return the certificate on the ground that it had become its property by virtue of an agreement bearing date Opelousas, July 31, 1896.   Defendant excepted that plaintiff had no right of action, reserving its right to answer should the exception be overruled.   The court ordered that the trial of the exception be postponed until the day of the trial of the case upon its merits, at which time it was to be taken up and disposed of before trial on the merits.   That defendant should answer in the meanwhile without prejudice.   Defendant answered, pleading, first, a general denial.   Further answering, defendant averred, that it was the owner of the certificate declared upon and of the sum of money mentioned therein; that it became the owner thereof several months after said deposit was made, to-wit:   July 31, 1896, and by transfer and assignment made by Isaac Roos, Henry Roos, Sr., Isidore Silverberg, Nathan F. Roos and Henry Roos, Jr., all resi-

dents of St. Landry, except Henry Roos, Jr., who was a resident of the parish of Orleans, said transfer and assignment being evidenced by a written contract executed and signed by defendant and by Issac Roos, who acted as agent for his said associates therein; that by the same the said Isaac Roos and his associates purchased from the defendant bank its claim of fifty-four thousand three hundred and thirty-seven dollars against the late firm of J. Meyers & Co.; the said Roos and his associates agreeing and promising, as part of the consideration of the transfer, that the defendant should not be held to account for the sum of money deposited in the defendant bank by Julius Meyers, and for which the said certificate was issued, and the said Roos and his associates had authority from Julius Meyers to transfer said assets to defendant. That the possession of said certificate by the Metropolitan Bank was, in reality, possession of the said Roos and his associates and Julius Meyers, and the deposit of the said certificate with] said Metropolitan Bank was made by the said parties, directly or indirectly, and that they did so to protect themselves against the fulfilment of their contract with defendant, and with the intent thereby to deprive respondent, if possible, of its rights under the said contract.

That it had the right as against the plaintiff to all the defences which it could make as against the aforesaid parties, because the certificate sued on was not negotiable paper and the plaintiff was not a third innocent holder thereof; all of the aforesaid parties being in collusion to defeat respondent's said contractual rights. That should the plaintiff bank be given possession of said certificate by judgment of court, then, in that event, it had the right to have a judgment rendered in the present suit against the said Isaac Roos and his associates for the sum of five thousand dollars, and defendant had the right also to call them in warranty to defend this suit. Defendant prayed that plaintiff's demand be disallowed and rejected and its suit dismissed, but in the event the court should hold that plaintiff was entitled to the possession of the certificate, it prayed for judgment jointly and severally against Isaac Roos, Henry Roos, Sr., Isidore Silverberg, Nathan F. Roos, Henry Roos, Jr., and Julius Meyers for the sum of five thousand dollars, and that they be cited in warranty to defend this suit. Plaintiff moved the court to strike out of the defendant's answer all of the defences thereon set up and pleaded, saving and excepting the general issue, for the following reasons:

1. Because they are legally irrelevant and inadmissible, and are not legally pleadable against the demands of the plaintiff.

2. If not irrelevant and inadmissible and not pleadable, same were inconsistent with the general issue.

3. If same were relevant, admissible, pleadable and consistent with the general issue and be so held, then plaintiff specially declares that there was then pending in the same court another suit between defendants and the parties sought to be made warrantors in the present suit for the same object as that set forth in the answer filed, and growing out of the same cause of action, to-wit, the suit of the St. Landry State Bank vs. Julius Meyers *et al.*, and the plea of *lis pendens* was specially pleaded as to said issues and for the purposes of this motion.

4. That the issues set up in defendant's answer, saving the general issue, were issues which could not be litigated in this suit, as the necessary parties to such issues were not before the court, viz.: the Metropolitan State Bank and Isaac Roos and his associates named in the answer and Julius Meyers, nor could said issues or parties be brought into this suit as was sought to be done.

5. That as to the demand to call in warranty it should not be granted, as there was no privity alleged to exist between said parties and the plaintiff.

The District Court sustained the exception of no right of action and dismissed the suit and plaintiff appealed.

---

The opinion of the Court was delivered by

NICHOLLS, C. J. The certificate declared on shows a deposit in the St. Landry State Bank by Julius Meyers of five thousand dollars, payable subject to conditions, on surrender of the certificate properly endorsed; it shows the endorsement in blank of Julius Meyers, the depositor, and also subsequent endorsements placing its possession in the plaintiff in this suit. The petition discloses the circumstances under which plaintiff received it for collection, and those under which it went into the hands of the defendant. If plaintiff having the certificate in its hands had simply sued to obtain a judgment upon it and defendant had filed an exception of no cause or no right of action, we would have been called on to determine under circumstances different from those actually presented by the case

whether plaintiff's pleadings showed the absence of a right to sue. The court has entirely overlooked that feature of the case which calls for the return of the certificate by defendant to the plaintiff. If the facts alleged in the petition be true, as we are bound to assume they are, plaintiff was clearly entitled to sue to regain possession of the certificate. We are not concerned here, with what the result of the suit on its merits would be on that branch of the case. Plaintiff having received the certificate for collection had come under obligation to account to his principal either for the certificate itself or the money which it called for. If defendant had the legal right to retain possession of the certificate under. the circumstances in which it was received, it will have amply opportunity to establish that fact upon a trial on the merits. It can not cut off an inquiry into this question of its right of retention by the exception it has filed.

To reverse the judgment it suffices that plaintiff have a right of action upon any branch of its case. The exception was leveled at the case in its entirety, and, in our opinion, it was incorrectly sustained. We are not concerned with what the effect of our decision may be upon the case of St. Landry State Bank vs. Meyers now before us. We decide issues in each case as they are therein presented by the parties thereto.

It is hereby ordered, adjudged and decreed that the judgment appealed from be and the same is hereby annulled, avoided and reversed; and it is now ordered, adjudged and decreed that the exception filed by the defendant be and the same is overruled; that the cause be reinstated on the docket of the District Court, and that the cause be remanded to that court for further proceedings according to law, costs of appeal to be borne by appellee.