(81 South. 258)

No. 22971.

## GRONER v. SHREVEPORT RYS. CO.

(Jan. 6, 1919. Rehearing Denied March 12, 1919.)

*(Syllabus by Editorial Staff.)*

APPEAL AND ERROR ⬦1004(1) — REVIEW —PERSONAL INJURIES—ASSESSMENT OF DAMAGES.

Under Civ. Code, art. 1934, providing that on an assessment of damages for quasi offense,

144 LA.—23

much discretion must be left to the judge, refers particularly to the trial judge rather than the judges of appellate courts and an assessment of damages, neither excessive nor insufficient, will not be disturbed on appeal.

Appeal from First Judicial District Court, Parish of Caddo; R. D. Webb, Judge.

Action by Morris Groner against the Shreveport Railways Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Wise, Randolph, Rendall & Freyer, of Shreveport, for appellant.

Thigpen & Herold and Goldstein & Walker, all of Shreveport, for appellee.

O'NIELL, J. Plaintiff's daughter, 20 years of age, was injured by a street car colliding with an automobile in which she was riding. He obtained judgment against the railway company for $2,000 damages, for her use and benefit. The defendant appeals; and plaintiff, answering the appeal, prays that the amount of the judgment be increased to $4,500.

The collision in which plaintiff's daughter was injured is the one in which a young woman named Dewhana Maritzky was killed, and for which the defendant here was held liable in damages. See the case of Jules Maritzky v. Shreveport Railways Co., No. 22905, 81 South. 253,[1] decided to-day. For the reasons given in that case, the plaintiff in this suit is entitled to judgment. The only question is as to the amount of the judgment. The girl's collar bone was broken, and she lost two teeth. She was unconscious several hours, remained two weeks in a sanitarium and three weeks in bed at her home. She suffered a severe shock and great pain, and was bruised about the head and face, but not permanently disfigured. The district judge saw the girl, and was better able than we are to judge

---

[1] Ante, p. 692.

the extent of her injuries. We have no reason for considering the amount he allowed either excessive or insufficient. The provision of article 1934 of the Civil Code, that, in the assessment of damages for a quasi offense, much discretion must be left to the judge or jury, refers more particularly to the trial judge than to judges of appellate courts.

The judgment is affirmed.

DAWKINS, J., takes no part.