No. 2622

Second Circuit

---

BANNISTER v. CITY OF MONROE

---

(May 7, 1926, Opinion and Decree)

---

*(Syllabus by the Court.)*

1. **Louisiana Digest—Pleading—Par. 29, 62.**

If a petition states a cause of action on any branch of a case, an exception of no cause of action is bad.

Legier vs. Braughn, 123 La. 463, 49 South. 22.

2. **Louisiana Digest—Municipalities—Par. 246.**

The liability of a municipality lawfully engaged in the business of operating an electric light plant to light its streets and public places and to sell electric current to its inhabitants, is governed by the rules applicable to any private corporation or individual conducting a similar enterprise.

Elias vs. City of New Iberia, 137 La. 691, 69 South. 141.
Solomon vs. City of New Orleans, 156 La. 634, 101 South. 1.

Appeal from the Fourth Judicial District Court, Parish of Ouachita, Hon. Percy Sandel, Judge.

Action by William Henry Bannister and wife against the City of Monroe. There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

Huey P. Long and G. T. McSween, of Shreveport, McHenry and Montgomery and Lamkin and Lamkin, of Monroe, attorneys for plaintiff, appellee.

H. H. Russell, of ——————, attorney for defendant, appellant.

STATEMENT OF THE CASE

REYNOLDS, J. This is a suit by William H. Bannister and his wife against the City of Monroe to recover $15,000.00 damages alleged to have been sustained by them in the death of their minor son Troy Ellsworth Bannister, alleged to have been caused by the negligence of the defendant in failing to keep its electric light wire

properly insulated and in allowing a "live wire" to come in contact with a chain that thereby became heavily charged with electricity and came within three or four feet of the sidewalk and which killed plaintiffs' son by his coming in contact with the chain while he was passing along the sidewalk.

Defendant filed an exception of no cause or right of action, which was referred to the merits, and later an answer denying any fault, negligence, recklessness or carelessness on the part of itself or its employees, and alleged that the death of plaintiffs' son was due to unavoidable accident.

On these issues the case was tried. There was judgment in favor of plaintiff for $750.00, and defendant appealed. Plaintiff answered the appeal and asked that the amount of the judgment be increased to $10,000.00.

## OPINION

Defendant's exception of no cause of action apparently is based on plaintiffs' failure to include in their petition a statement of the various items for which damages are asked.

In paragraph XVII of their petition, plaintiffs allege:

"That from their said son's death, your petitioners have lost his companionship, support, love and affection and petitioners and their said son have been deprived of things as above set out, for all of which they are entitled to recover from defendant not less than fifteen thousand ($15,000.00) dollars."

We think that under all the allegations of their petition plaintiffs have expressed a cause of action, and that if defendant was desirous of having additional information, its remedy was to file a motion for a bill of particulars, and not an exception of no cause of action.

The exception of no cause of action must be overruled.

The evidence shows that a chain was used by the employees of defendant to raise and lower arc lights, and that this chain had become charged with electricity, and that it was fastened to a bolt on the electric light pole near the edge of the sidewalk, about three or four feet from the ground and within easy reach of a child or other persons passing; and that plaintiffs' son was passing the electric light pole and in some unexplained way came in contact with the chain and was killed by a shock of electricity.

It was gross negligence on the part of the city of Monroe to allow the chain so charged with electricity to be exposed to the touch of any one passing along the street, and in the absence of any excuse for leaving the chain so exposed defendant must be held liable for the death of plaintiffs' son.

This brings us to the question of damages.

Plaintiffs cite us to numerous decisions in the direction of an increase in the amount of damages awarded.

Plaintiffs' son was 12 years old, at the time of his death, and unusually bright and affectionate to his parents.

In Kent vs. Baton Rouge Electric Co., 154 La. 142, 97 South. 344, cited in plaintiffs' brief, the Supreme Court said:

"* * * we cannot estimate grief and suffering in dollars and cents. In the assessment of such damages for offenses or *quasi* offenses, says Article 1934 of the Civil Code, much discretion must be left to the judge or jury, and it is well settled that the article refers more particularly to the discretion of the trial judge than to that of the judges of appellate courts. See Grover vs. Shreveport Railways Co., 144 La. 705, 81 South. 258. We do not see any reason why the judgment should be either increased or reduced."

The above expression of the Supreme Court, we think is sound both in law and logic and we adopt it as the law of this case.

It is therefore ordered, adjudged and decreed that the judgment appealed from be affirmed.