No. 2604

Second Circuit

---

DUBACH MILL COMPANY, INC., v. M. M. CARROLL LUMBER COMPANY, INC.

---

(May 7, 1926, Opinion and Decree.)
(June 2, 1926, Rehearing Refused.)

*(Syllabus by the Court.)*

1. **Louisiana Digest—Pleading—Par. 62.**

When a petition discloses a cause of action as to any portion of the amount sued for, an exception of no cause of action should be overruled.

Davis v. Arkansas Southern R. R. Co., 117 La. 320, 41 So. 587.

**2. Louisiana Digest—Pleading—Par. 54, 55.**

Defective verification must be taken advantage of, if at all, in the case of a petition, by exception filed in limine litis.

Act No. 128 of 1914 of the Louisiana Legislature.

**3. Louisiana Digest—Appeal—Par. 512; Costs and Fees—Par. 62.**

Damages will not be allowed for frivolous devolutive appeal.

Chaffe, Syndic, v. Carroll, 35 La. Ann. 115.

Elizabeth Crofts v. Jeremiah Moynihan, et al., 26 La. Ann. 725.

Appeal from the Third Judicial District Court of Louisiana, Parish of Lincoln. Hon. S. D. Pearce, Judge.

Action by Dubach Mill Company, Inc., against M. M. Carroll Lumber Company, et al.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

## STATEMENT OF THE CASE

REYNOLDS, J. This is a suit on an open account for $1014.33 against M. M. Carroll Lumber Company and M. M. Carroll, alleged to be the sole owner of said M. M. Carroll Lumber Company.

Citation was served on the defendants on September 5, 1925.

On September 28, 1925, default was taken.

On October 1, 1925, an exception of no cause of action and want of proper verification was filed.

On October 1, 1925, the following affidavit was written at the foot of the petition.

"State of Louisiana,
"Parish of Lincoln.

"Personally came and appeared before me, the undersigned legal authority, J. P. Voss, who, being first duly sworn, says he is active vice-president and general manager of The Dubach Mill Company, Inc., the plaintiff in the foregoing suit, and is duly authorized to make this affidavit, and that the allegations in foregoing petition are true, so help him God.

"J. P. VOSS.

"Sworn to and subscribed before me this Oct. 1, 1925.

"J. W. HARRELL,
"Dy. C.D.C. and Notary Public."

October 6, 1925, the exception of no cause of action and want of proper verification was tried and overruled.

October 7, 1925, the default was set aside and default taken on that day.

November 3, 1925, a second default was taken.

November 6, 1925, the default was made final and judgment was rendered in favor of plaintiff, in which it is recited:

"The plaintiff having proved its demands in open court, and the law and the evidence being in favor thereof, it is hereby ordered, adjudged and decreed that the said default be now confirmed and made final and that there be judgment in favor of the plaintiff and against the defendants, M. M. Carroll Lumber Company and M. M. Carroll, in solido, for the

full and true sum of one thousand, fourteen and 33-100 ($1014.33) dollars, with 5% per annum interest thereon from August 31, 1924, until paid, and for all costs of this suit."

November 23, 1925, motion for new trial was set for Friday of that week.

November 27, 1925, the motion for new trial was tried and taken under advisement.

November 30, 1925, the motion for new trial' was overruled.

December 7, 1925, orders of appeal, suspensive and devolutive, were prayed for and granted.

December 23, 1925, the devolutive appeal was perfected.

Plaintiff answered the appeal and asked for damages for frivolous appeal.

## OPINION

The first question to be passed upon is whether the overruling of defendants' exception of no cause of action and defective verification by the court was correct.

Defendants based their exception of no cause of action upon the ground that there was no allegation in the petition indicating what sort of a legal entity the M. M. Carroll Lumber Company was— whether a partnership, a corporation, an association, or what not.

In our opinion this is not material, for the petition alleges that M. M. Carroll is the sole owner of the M. M. Carroll Lumber Company, and it demands judgment against M. M. Carroll, and the allegations of the petition express a cause of action against M. M. Carroll.

Defendant further complains that plaintiff does not allege that M. M. Carroll Lumber Company and M. M. Carroll are indebted to the plaintiff in solido.

This, we think, is also not important; for if plaintiff's petition only alleges a joint indebtedness, an exception of no cause of action cannot be sustained, for:

"When a petition discloses a cause of action as to any portion of the amount sued for, an exception of no cause of action should be dismissed."

Davis vs. Arkansas Southern R. R. Co., 117 La. 320, 41 South. 587.

Defendants' counsel argue with much zeal that their clients have been greatly imposed upon by the affidavit of J. P. Voss, written at the bottom of plaintiff's petition on October 1, 1925, after they had filed a motion to dismiss for lack of proper verification, and insist that this court should pass upon that question.

We do not think that question is involved in this case, for the reason that default was taken in the case before defendants filed their exception of lack of proper verification, and not having taken advantage of the alleged want of proper verification by an exception in limine, their exception was properly overruled with regard to Voss' affidavit complained of by them.

Defendants further complain that plaintiff's demand was for an amount exceed-

ing one thousand dollars and that it was not proved by two witnesses or by one witness and other corroborating evidence.

This is a question that this court is not in position to pass upon in this case, for the evidence on which the judgment was rendered is not before the court and the judgment of the District Court recites that the plaintiff "proved its demands in open court", and we are bound by its findings, in the absence of any evidence to the contrary.

Citation was served on the defendants on September 5, 1925, and no further action was taken in the case until September 28, 1925, during which time defendants could have filed an exception in limine and put at issue whether or not the petitioner had properly verified its petition; but on September 28, 1925, default was taken and thereafter defendants had no standing in court to complain of lack of proper verification of the petition.

Plaintiff prays for damages for frivolous appeal. It cannot recover any for it has not been deprived of the right to execute its judgment by a suspensive appeal bond.

For all of the above reasons it is ordered, adjudged and decreed that the judgment of the lower court be affirmed.