No. 3025

Second Circuit

HODGES v. DAVIS

(November 10, 1927. Opinion and Decree.)
(December 21, 1927. Rehearing Refused.)

*(Syllabus by the Editor)*

1. **Louisiana Digest—Automobiles—Par. 4 c.**

It is the duty of those who drive automobiles on streets of populous cities to always look ahead and use every precaution to avoid running over pedestrians.

2. **Louisiana Digest—Automobiles—Par. 4 c.**

It is the duty of the driver of an automobile to take extra precautions to avoid striking pedestrians after being discharged from street cars because he sees the stationary street car and should expect discharge of passengers.

3. **Louisiana Digest—Automobiles—Par. 4 c, 7 c.**

The driver of an automobile is liable in damages for injuries to a pedestrian

if he had the last clear chance to avoid the accident either by applying his brakes or driving in a different direction, even if the pedestrian was originally guilty of negligence, because the proximate cause of the injury was the driver's negligence.

4. **Louisiana Digest—Automobiles—Par. 9; Damages—Par. 105.**
$3,607.50 is considered sufficient quantum of damages for injuries to a carpenter sixty-nine years old, which destroyed his earning capacity, estimated at $1,000.00 a year, and medical and hospital bills.

Appeal from the First Judicial District Court of Louisiana, Parish of Caddo. Hon. J. H. Stephens, Judge.

Action by Hodges, Sr., against R. C. Davis.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

Mabry, Carstarphen & Garland, of Shreveport, attorneys for plaintiff, appellee.

Thatcher, Browne, Porteous & Myers, of Shreveport, attorneys for defendant, appellant.

ODOM, J.    The plaintiff was knocked down and injured by an automobile owned by defendant and driven at the time by one of defendant's employees, and he brings this suit to recover damages. He alleges that the driver of the car was grossly negligent in its operation and disclaims any fault or negligence on his part.

As a defense, the defendant sets up gross negligence on the part of plaintiff, it being alleged that his automobile was being driven in a careful manner, that his driver was altogether free from fault, and that plaintiff, without looking, stepped in front of the car when it was so near him that the driver could not avoid striking him.

There was judgment in the District Court for plaintiff and the defendant prosecutes this appeal.

### OPINION

On the day of the accident, plaintiff was a passenger on an outbound street car running south on Marshall street in the city of Shreveport. He got off the street car at the front end on the right hand side at a point where Sixth street comes into Marshall street, this being a place where street cars stop regularly to receive and discharge passengers. There is a double street car track on Marshall street and the outbound cars run on the right hand track, which is west of the center of the street.

When plaintiff got off the car at the front end on his right hand side, he turned to the left, walked in front of the street car, thence across the street to the east or left hand side going out. Just as he reached the east edge of the street and as he was in the act of stepping up on the curb, he was struck by defendant's automobile, which was going north on the east side of the street.

Automobiles going north on Marshall street run on the east side thereof, so that defendant's car which struck plaintiff approached him from his right.

Plaintiff testified that before he attempted to cross the street he looked to the right and saw no car approaching. If plaintiff looked, as he says he did, he should have seen the automobile approaching, for the accident occurred in daylight and the street was straight there, with no obstructions. However, plaintiff was then 69 years old, and wore glasses, and while he testified that his eyesight was reasonably good, it is probable that his vision was not clear.

But even if it be true, as defendant contends, that plaintiff walked into the street without looking and was, in that respect, negligent, the defendant is not relieved of liability under the facts disclosed.

Defendant's theory and defense is that plaintiff walked into the street immediately in front of the automobile when it was so close upon him that the driver of the car could not stop it in time to avoid the collision.

That contention is not borne out by the record.

Marshall street at that point is thirty-six feet wide, from curb to curb. The street car on which plaintiff was a passenger was going south and was on the outbound track, on the west side. Defendant's automobile, which struck plaintiff, was going north, in the opposite direction, on the east side of the street. The driver of defendant's automobile, therefore, had full view of the street car while it was standing still and discharging passengers, for it was in the street directly in front of him and his view was unobstructed. He was near enough to see, and if he had looked he could have seen plaintiff when he stepped from the street car and started across the street toward the east side on which the car was being driven.

According to scale, the distance from the west side of the street car, where plaintiff got off, to the east curb of the street, where he was struck by the automobile, is twenty-seven feet, and from the east edge of the street car to the east curb of the street is nineteen feet. The driver of the automobile, therefore, if he was looking, as he should have been, could have seen plaintiff when he got off the street car and during all the time he was walking twenty-seven feet across the street ahead of him; and if the distance from the west

side of the street car be not counted, the plaintiff walked a distance of nineteen feet across the open street from where he entered it to where he was struck by the automobile.

The testimony shows that the automobile was going about fifteen miles an hour, and that plaintiff was walking at a moderate, normal rate. Assuming that he was walking at a rate of four miles an hour, or approximately one-fourth as fast as the automobile was going, the automobile was at least one hundred feet away when plaintiff stepped off the street car and started across the street, and at least seventy-five feet away when plaintiff passed the east edge of the street car on his way across the street; and if plaintiff walked at a uniform rate of speed, he was in the center of the nineteen-foot passage way, between the street car and the curb, when the automobile was approximately thirty-five feet away.

The testimony is undisputed that plaintiff was struck at the curb on the extreme east side of the street or after he had walked the entire distance across. The plaintiff, therefore, did not step into the street immediately in front of the car when it was almost upon him, but when it was at least seventy-five feet away; possibly further.

The testimony is that the automobile could have been stopped, by application of the brakes, within fifteen feet, at most; so that defendant's driver was not deprived of the last clear chance of avoiding the accident.

It is the duty of those who drive automobiles on streets of populous cities to look ahead always and to use every precaution to avoid running over pedestrians.

"The precautions to be adopted and the steps to be taken in aid of safety increase as the danger of accident and injury increases."

Jones vs. Chicago, R. I. & P. Ry., 4 La. App. 457; affirmed in 162 La. 690, 111 South. 62.

The accident happened at a point on Marshall street where cars stop regularly to receive and discharge passengers. As the automobile approached, the street car was standing, discharging passengers, within plain view of the driver. He knew or ·should have known that some of them would likely attempt to cross the street, and it was his duty to take extra precautions to avoid striking them. He could, and therefore should, have seen plaintiff when he stepped into the open street ahead of him when he was far enough away to stop his car before reaching the point of the accident.

Some of defendant's witnesses say that the driver apparently did not see plaintiff until the car was some five or ten feet from him. But the driver cannot be excused for not seeing that which he could and should have seen.

One who causes personal injuries to another through his negligence is liable to the injured party in damages if he had the last clear chance to avoid the injury, even ·if the person injured was originally guilty of negligence in creating the situation of danger to himself.

McClendon vs. V. S. & P. Ry. Co., 46 La. Ann. 1545, 16 South. 457.

Harrison vs. La. & N. W. Co., 132 La. 765, 61 South. 784.

Jones vs. Mackay Tel. & Cable Co., 137 La. 121, 68 South. 379.

20 R. C. L., 138.

29 Cyc. 530.

Conceding, therefore, as defendant's counsel would have us do, that plaintiff was negligent originally, still defendant is liable in damages under the last clear chance doctrine, because the negligence of defendant's driver and not that of plaintiff, was the immediate, proximate cause of the injury.

We have held that defendant's driver could have easily stopped his car if he had applied the brakes and they had been effective and thereby avoided the injury. Not only that. If he had swerved his car to the left instead of to the right, he would have missed plaintiff entirely. Plaintiff was walking toward the east side of the street. When the driver saw plaintiff he turned his car toward the east, the direction in which plaintiff was walking.

There was a space of nineteen feet between the street car and the curb where plaintiff was struck. The driver ran his car upon the curb. Why he did not turn to the left instead of to the right· is unexplained. The driver of the car, while in court during a portion of the time, was not called as a witness. Counsel for defendant stated that he did not call him because he was hostile to defendant's cause. He would, no doubt, have made a poor witness for defendant if he had told the truth.

Some of the witnesses for defendant, who were in defendant's automobile at the time of the accident, say that the driver gave plaintiff no warning of his approach until he was within five to ten feet of him, and then did not, so far as they observed, sound his horn, but merely exclaimed "lookout, there" and turned the car to the right and ran it into the curb, where plaintiff was hit.

## ON THE QUESTION OF DAMAGES

The lower court assessed damages at 3,607.50. Plaintiff received injuries about the head and other parts of the body. On the date of the injury he was sixty-nine years old and in good health. He is a carpenter by trade and was earning $4.00

per day and had regular work. He was injured in February, 1925. The case was tried in December, 1926, nearly two years later, and from the date of the accident to the date of the trial he was unable to do any work at all. Physicians say he cannot work as a carpenter because heavy exercise causes dizziness and he is likely to fall. However, they say he could do lighter work. They say the blow on the head brought about the condition which produced the dizziness. Doctor Williams thinks his disability is permanent. Plaintiff testified that he had suffered a great deal and still suffered with pains in his head and back. His medical and hospital bills amounted to $107.50. The injuries, according to the testimony, destroyed his earning capacity altogether. Conservatively estimated, he was able to earn and was earning about $1,000.00 per year, so that up to the date of the trial he had lost, in earnings, nearly $2,000.00. The testimony warrants the assumption that he is still disabled. In addition to the loss of his earning capacity, he is entitled to his medical and hospital bills, and something for his pain and suffering. We think the award of $3,607.50 made by the District Judge correct.

The judgment appealed from is affirmed with costs.