CRESCENT CIGAR & TOBACCO CO. v. MIRE et al.

No. 14310.

Court of Appeal of Louisiana. Orleans. Dec. 19, 1932.

Deynoodt & de la Vergne, of New Orleans, for appellant.

A. Miles Coe and Harry Nowalsky, both of New Orleans, for appellees.

HIGGINS, J.

Plaintiff sued defendant for the sum of $128.95, property damage alleged to have resulted from an intersectional automobile collision at St. Claude and Elysian Fields avenues on January 14, 1931, about 1:45 p. m. Defendant filed exceptions of no right or cause of action, which were sustained by the trial judge and the suit dismissed. Plaintiff has appealed.

The pertinent allegations of the petition read as follows:

"3. That said driver was operating petitioner's said vehicle down St. Claude Avenue in the direction of the Industrial Canal at a speed not in excess of twenty-five (25) miles per hour.

"4. That when petitioner's driver approached the intersection of St. Claude and Elysian Fields Avenues, he materially reduced the speed of his truck and proceeded to negotiate the intersection.

"5. That when petitioner's driver had practically completed traversing the uptown river intersection of said two streets the said truck, suddenly and without warning, was struck on its left rear end and was completely spun around and turned over.

"6. That a Dodge sedan automobile, owned by George J. Mire, bearing license No. 2240568 of Louisiana (1931), and operated by J. D. Melancon, struck petitioner's vehicle in the manner above described.

"7. That prior to said collision said Dodge sedan was being operated on Elysian Fields Avenue in the direction of the river at a speed of approximately thirty-five (35) miles an hour.

"8. That after the collision above described the said Dodge sedan was not brought to a stop until it was half a block from the said intersection, headed in the direction of the river.

"9. That said vehicle crossed the street car tracks of St. Claude Avenue without reducing its speed, without stopping, and without blowing its horn, all contrary to the law and to the City Ordinance No. 7490, Commission Council Series, of the City of New Orleans, which will be introduced and filed in evidence on the trial of this case.

"10. That petitioner's driver complied with the law and regulations of the City of New Orleans and State of Louisiana and was not negligent in any manner.

"11. That defendant, J. D. Melancon, was guilty of gross negligence, carelessness, and an utter disregard of life and limb, in that he operated said Dodge sedan at a speed of thirty five (35) miles per hour, contrary to law and the ordinance of the City of New Orleans, Commission Council Series, No. 7490.

"12. That defendant, Melancon, did not stop

or blow his horn prior to leaving the neutral ground street car tracks on St. Claude Avenue, as is required by law.

"13. That defendant, Melancon, saw or should have seen petitioner's truck and should have permitted it to complete the intersection which it had nearly completed crossing."

The exceptions are founded upon article 4 of the petition wherein the plaintiff alleged that the driver of the truck slackened his speed in order to negotiate the intersection, but did not allege that he stopped. Defendant contends that, under the traffic ordinance of the city of New Orleans, it was the duty of the driver of plaintiff's truck to come to a full stop, and, having alleged that he failed to do so, that the petition shows on its face that the driver was guilty of contributory negligence which proximately caused the accident, and therefore plaintiff would not be entitled to recover even if he proved all of the facts alleged in the petition.

Plaintiff contends that the exceptions are not well founded because they are predicated upon one isolated allegation or article in the petition and the petition as a whole must be considered in connection with the exceptions.

■ It is elemental that all of the allegations of fact contained in the petition must be accepted as true in dealing with exceptions of no right or cause of action. State ex rel. Elston v. Parish Committee, 173 La. 844, 138 So. 857; State ex rel. Caire v. Board of Commissioners, 174 La. 516, 141 So. 46; 22 Louisiana and Southern Digest, verbo, "Pleading," ☞228, p. 308, and authorities therein cited.

■ It has also been held that, in considering such exceptions in the event the court should be doubtful as to the correct interpretation of the petition, the judge in the interest of justice should resolve the doubt in favor of the petitioner. Flotte v. Thomas Egan's Sons, 18 La. App. 116, 134 So. 428, 137 So. 220.

■ Our courts have also decided that, if the petition states a cause of action on any one of the alleged grounds, the exceptions should be overruled. Bannister v. City of Monroe, 4 La. App. 182; Dubach Mill Co. v. Carroll Lumber Co., 4 La. App. 207.

■ The law is also clear that the petition must be read in toto in determining whether or not it states a cause of action. Frank v. Magee, 49 La. Ann. 1250, 22 So. 739; People's State Bank v. St. Landry State Bank, 50 La. Ann. 528, 24 So. 14; Hardin v. Flaspoller's Sons, 6 Orleans App. 3; Thompson v. General Acc. Fire & Life Assur. Corp., 155 La. 31, 98 So. 746; Davis v. Ark. Sou. R. R. Co., 117 La. 320, 41 So. 587.

■ It will be noticed that plaintiff does not in any part of the petition make the general traffic ordinance, No. 7490 C. C. S., of this city a part of the petition and particularly fails to do so with regard to article 4 thereof. On the trial of the exceptions, neither party offered the ordinance in evidence. This court has decided several times that, in order to obtain the benefit of the provisions of a city ordinance, it is necessary for the party invoking it to plead and offer it in evidence. At the present time the traffic ordinance is really not before the court because it was not offered in evidence in connection with the exceptions of no right or cause of action. Consequently, we have no right to consider it at this time. But, conceding, arguendo, that the ordinance is before us and that it was the duty of the driver of the truck to come to a full stop before entering the intersection, but without deciding that issue, the allegations in the petition show that the truck had practically completed the intersection at the time the defendant's automobile ran into it.

■ In the case of Bethancourt v. Bayhi et al. (La. App.) 141 So. 111, 113, which was a damage suit resulting from collision at the corner of Prytania and Philip streets, one of the defendants, Cox, was sought to be held on the ground that the driver of his car failed to some to a full stop at Philip street, before entering the intersection of Prytania street, a right of way street. The court found as a fact that the defendant Bayhi's automobile was traveling at an excessive rate of speed and struck defendant Cox's car after it had practically completed the crossing. In dismissing the plaintiff's suit against defendant Cox, we held that the violation of an ordinance does not impose liability for injury unless the injury was the natural and direct consequence thereof, and said: "While it must be conceded that it is a dangerous rule to permit persons to violate ordinances, or statutes, enacted to insure safety, and to then contend that the violation did not add to the danger, nevertheless, if, after careful scrutiny of the facts, such contention is well founded, it must prevail."

This case is particularly applicable here because of the allegations of the petition set forth that plaintiff's truck had practically completed the crossing when it was struck and that the excessive rate of speed of defendant's car was the proximate cause of the accident.

■ Furthermore again conceding arguendo that the driver of plaintiff's car was guilty of negligence in not coming to a full stop in violation of the traffic ordinance, article 13 of the petition states that defendant Melancon, who was driving the Dodge automobile, saw or should have seen plaintiff's truck and permitted it to complete the crossing, as it had practically negotiated the intersection. It would seem to us that, under these allegations, the plaintiff would be entitled to introduce evidence tending to show that defendant had the last clear chance of avoiding the accident, so that, even if the driver of plaintiff's car were guilty of negligence and the driver

of defendant's automobile had the last clear chance of avoiding the accident, plaintiff would still be entitled to recover. Rice v. Crescent City Railway Co., 51 La. Ann. 108, 24 So. 791; Hammers v. Colo. Sou. N. O. & P. R. R. Co., 128 La. 648, 55 So. 4, 34 L. R. A. (N. S.) 685; Da Ponte v. Uzzo, 5 La. App. 105; Travelers' Indemnity Co. v. Robinson-Slagle Lumber Co., 7 La. App. 441; Hodges v. Davis, 7 La. App. 327; Dill v. Colley, 3 La. App. 305; Mutti v. McCall, 14 La. App. 504, 130 So. 229.

For the reasons assigned, the judgment appealed from is reversed, and it is now ordered that the exceptions of no right or cause of action be, and the same are hereby, overruled, and the case remanded to the lower court for further proceedings not inconsistent with the views herein expressed.

Reversed and remanded.