AYRES, Justice.
Plaintiff Oliver, in his capacity as a citizen and elector of the City of Shreveport, Caddo Parish, Louisiana, and as a member of the classified service of the Shreveport Fire Department, serving in the capacity as Assistant Chief Fire Inspector, under, pursuant to and in accordance with the Constitutional provisions and laws appertaining to such service, instituted this action against the Shreveport Municipal Fire and Police Civil Service Board and J. Earl Downs, Commissioner of Public Safety of the City of Shreveport, Louisiana, as petitioner’s appointing authority.
This action attacks as illegal, ultra vires and contrary to the provisions of the Louisiana Constitution, Art. 14 of Sec. 15.1, LSA, pertaining to “ ‘The Municipal Fire and Police Civil Service Law’ ”, the action of the defendant Board in adopting certain specified rule changes and particularly in abolishing the classification of Assistant Chief Fire Inspector, the position held by- petition, in that, for the reasons alleged,
(1) the abolition of plaintiff’s classification was for the purpose of enabling the appointing authority to name his own personnel in the Fire Prevention Bureau; in effect, to give this classification a new designation without any substantial change except the substitution of another employee in lieu of plaintiff, which purpose and action allegedly constitute an abolition of said classification without just cause or valid reason, in conflict with the aforesaid Constitutional provisions, particularly paragraph 8 thereof, for the purpose of discriminating against plaintiff ;
(2) if carried out said rule changes would deprive petitioner, without due process of law, of his employment, seniority rights and the benefits and rights of the aforesaid Civil Service Law;
(3) the Board adopted said rule changes in a secret session or sessions, contrary to the law requiring open public meetings, and without giving sufficient opportunity to the public or others directly affected or interested, such as petitioner, to be heard on the said proposed rule changes; and
(4) said rule changes were adopted without a public hearing, as required by law, and without giving an opportunity to any municipal officer, employee, private citizen or the State Examiner to show cause why they should not be adopted.
Petitioner further alleged that the appointing authority had begun to put into ef- *407 feet the aforesaid rule changes, including the abolition of plaintiff’s classification; that he had exhausted his administrative remedies; that he is without adequate remedy at law, and, except for the relief sought in this action, he will suffer irreparable ■loss, injury and damage. Wherefore, petitioner alleged it was necessary that defendants be restrained and enjoined from implementing, carrying out or putting into effect the aforesaid rule changes, particularly the one pertaining to the abolition of his classification and employment, and that a mandatory injunction should be issued directing the defendant Board to strike from its rules, regulations and orders the aforesaid purported rule changes, and directing the reinstatement of the rules, regulations and orders existing prior to January 25, 1956, when the aforesaid rule ■changes were alleged to have been adopted.
'In accordance with plaintiff’s demands and pursuant to appropriate prayer, a temporary restraining order was issued, enjoining and restraining the Board and the .appointing authority' from implementing, ■carrying out or putting into effect the afore■said rule changes, including the one abolishing plaintiff’s classification as Assistant ■Chief Fire Inspector. Additionally, a rule nisi was issued and directed to said defendants, ordering them to show cause why a ■preliminary injunction should not issue pending a trial upon the merits, prohibiting, ■restraining and enjoining them from carrying out or putting into effect said rule ■changes.
To plaintiff’s petition defendants filed separate exceptions of no cause or right of .action. Pending a hearing on these exceptions, the temporary restraining order was, by agreement of counsel, maintained in full force and effect and the rule nisi was continued and refixed for trial. After trial of the exceptions, the court on March 9, 1956, sustained them so far as concerned the rule for a preliminary injunction and mandamus, as shown by the judgment dated March 19, 1956, the pertinent part of which reads as follows:
“It is ordered, adjudged and decreed that the exceptions of no cause and no right of action filed herein by defendants to the rule for a preliminary injunction and mandamus be and the same are hereby sustained.”
This judgment was signed only after plaintiff had filed and unsuccessfully urged a motion for new trial.
Following the rendition of the aforesaid judgment, defendants filed a motion to dissolve the temporary restraining order, which was sustained likewise on March 19, 1956, on which date the court also allowed an amended and supplemental petition which was filed after the sustaining of the exception. Whereupon, plaintiff moved for and was granted orders of devolutive appeal to this court, which appeal is now before us for disposition.
Simultaneously with the obtaining of orders of appeal, plaintiff gave notice in the district court of his intention to apply to the Supreme Court for writs of certiorari, mandamus and prohibition. In denying the application, the Supreme Court stated:
“Except in extraordinary circumstances, this court will not exercise its supervisory jurisdiction where the Court of Appeal has appellate jurisdiction of the cause, inasmuch as that court may, in aid of that appellate jurisdiction, issue writs of mandamus, prohibition, certiorari and all other needful writs. See Sec. 2 of Art. VII, Constitution of 1921."
Following this action, a similar application was made to this court, which was also denied because this court has no general supervisory jurisdiction over the lower court and granting of the application in this case did not come within the limited Constitutional authority of this court inasmuch as we deemed such action did not aid or pertain to our appellate jurisdiction.
Defendants have presented and urged before us a motion to dismiss plaintiff’s devolutive appeal, contending that such appeal represents an effort to appeal from an order dissolving a restraining order, from which no appeal is permitted. *408 LSA-R.S. 13:4070. They are in error. The appeal is from a judgment rendered and signed sustaining an exception of no cause or right of action based on the contended insufficiency of the allegations of plaintiff’s petition as regards his demands for a preliminary injunction. We are not here concerned with the question of whether the temporary restraining order was properly or improperly dissolved. Counsel is correct that no appeal lies from such an action of the district court.
The primary issue and factor presented for determination is whether plaintiff’s petition alleges facts, which, if established, require, warrant and justify the issuance of a preliminary injunction. In determining this question, we find it unnecessary to decide the question as to whether plaintiff’s amended and supplemental petition may be considered by us in reaching our conclusions in view of our finding that the original petition discloses a cause of action.
It is elementary that all well-pleaded facts are considered as true in considering an exception of no cause or right of action. Ane v. Ane, 225 La. 222, 72 So.2d 485; Breaux v. Laird, 223 La. 446, 65 So.2d 907; Acadian Production Corp. of Louisiana v. Savanna Corp., 222 La. 617, 63 So.2d 141; Stacy v. Midstates Oil Corp., 214 La. 173, 36 So.2d 714; Kennedy v. Perry Timber Co., 219 La. 264, 52 So.2d 847.
Applicable to this case is also another well settled principle in our jurisprudence that a petition stating a cause of action as to any ground or portion of the demand will not be dismissed on an exception of no cause of action. Ane v. Ane, supra; Ingersoll Corporation v. Rogers, 217 La. 79, 46 So.2d 45; Shaw v. Gwin, La.App., 154 So. 392, 396; Crescent Cigar & Tobacco Co. v. Mire, La.App., 145 So. 17; Dubach Mill Co. v. M. M. Carroll Lumber Co, Inc., 4 La.App. 207; Bannister v. City of Monroe, 4 La.App. 182.
It is also well established that the petition must be considered in its entirety in determining whether or not it states a cause of action. Weber v. H. G. Hill Stores, 210 La. 977, 29 So.2d 33; Crescent Cigar & Tobacco Co. v. Mire, supra; Thompson v. General Accident Fire & Life Assur. Corporation, Limited, of Perth, Scotland, 155 La. 31, 98 So. 746; Davis v. Arkansas Southern R. Co., 117 La. 320, 41 So. 587.
With these principles in mind, the conclusion is inescapable that plaintiff’s petition, in alleging facts hereinabove enumerated, states a cause of action which would, if true and if established by legal and sufficient evidence, warrant and justify the issuance of a preliminary injunction, in the absence of the issuance of which it is foreseeable that plaintiff would be subjected to irreparable injury in the abolition of his position, in the loss of his seniority rights, and in being deprived of the benefits of the provisions of the Civil Service Law applicable to all of those similarly situated and employed. Particularly and for example, paragraph 13(a) of the petition alleges that the abolition of plaintiff’s classification for the reasons allegedly advanced by the appointing authority constitutes an abolition of such classification without just cause or valid reason, in violation of the Constitutional provisions. In paragraph 13(c) it is alleged as a fact that the defendant Board should have reviewed and rejected the request of the appointing authority pertaining to the abolition of plaintiff’s aforesaid classification because the purpose for such request was to discriminate against petitioner. The authority for this is contained in the Constitution, Art. 14, Sec. 15.1, paragraph 14, which, in part, reads as follows:
“Whenever the board finds any change in the duties of any position in the classified service was brought about by the appointing authority to effect a reduction in the classification of any employee because of political, religious, or discriminatory reasons, or without just cause, it shall refuse to recognize any such action, and shall order the appointing authority to continue the employee in the position and class with all rights and privileges.” (Emphasis supplied.)
*409 Plaintiff’s right to seek relief, as set forth in his original petition, is recognized in paragraph 36 of the aforesaid Art. 14, Sec. 15.1 of the Constitution, which, so far as pertinent, reads as follows:
“Nothing contained herein shall prevent any municipal officer, employee, or private citizen from taking legal action in the courts to enforce the provisions of this Section or of any rule, order, or other lawful action of the board.”
Plaintiff affirmatively asserts a right and interest in the rules and orders of the Board as existed prior to January 25, 1956, which he has alleged have not been lawfully changed nor superseded by subsequent orders. For the reasons alleged by him, he asserts the latter orders, rules and regulations are illegal and without force or effect. This charge of invalidity is predicated not only upon irregularities alleged to have existed in their adoption but upon a violation of the aforesaid Constitutional provisions in effecting a reduction in the classification of an employee by discrimination and without just cause.
Plaintiff was just as effectively denied a preliminary injunction by the sustaining of the exception as if such denial and refusal had been predicated upon a ruling of the court after a trial of a rule therefor. The plaintiff is, therefore, entitled to a devolutive appeal as a matter of right. LSA-R.S. 13:4070.
The exception should be and it is now overruled and the rule nisi is ordered reinstated on the docket of the district court, subject to assignment for hearing and trial, in accordance with law.
Accordingly, this cause is remanded to the First Judicial District Court in and for Caddo Parish, Louisiana, for further proceedings in accordance with law and consistent with the views herein expressed.
Reversed and remanded.